In the Matter of FRANCIS BLOETH, Petitioner, v. CHARLES MARKS, as a Justice of the Supreme Court of New York County, et al., Respondents.

First Department, March 5, 1964.

*Francis Bloeth,* petitioner in person.

*Bernard Smith,* respondent in person.

*Per Curiam.* This is an article 78 proceeding, brought by a prisoner in the death house at Ossining to compel a Justice of the Supreme Court to vacate a ruling made by him on December 18, 1963 marking three indictments off the Trial Calendar pending the outcome of an appeal from a convicion of petitioner of murder, first degree, upon a fourth indictment.

On August 31, 1959 petitioner was indicted in Suffolk County on three separate indictments charging murder and robbery, and a fourth indictment charging only robbery in the first degree. On May 16, 1960 petitioner was convicted of murder in the first degree after a trial in Suffolk County on one of the indictments, and was sentenced to death. That conviction was affirmed (*People v. Bloeth,* 9 N Y 2d 211). Certiorari was

denied in October, 1961 (368 U. S. 868). Reargument in the Court of Appeals was denied in March, 1961 (*People* v. *Bloeth,* 9 N Y 2d 827).

Petitioner then commenced a habeas corpus proceeding in United States District Court for the Southern District of New York. The petition was denied in May, 1962 (*United States ex rel. Bloeth* v. *Denno,* 204 F. Supp. 263). After leave to appeal had been granted by the United States Court of Appeals, Second Circuit, a majority of that court, sitting in banc, reversed and remanded with a direction that a writ of habeas corpus issue (*United States ex rel. Bloeth* v. *Denno,* 313 F. 2d 364). In the opinion of a majority of that court, the defendant's constitutional rights had been violated because the jury did not meet the standards of impartiality required by the Fourteenth Amendment due to the extent of the highly inflammatory publicity in Suffolk County given to the crime and of statements made by the District Attorney. Certiorari was denied in April, 1963 (372 U. S. 978).

After the reversal by the United States Court of Appeals, the District Attorney of Suffolk County applied to the Appellate Division, Second Department, for a change of venue. The motion was granted and the four indictments were transferred to New York County. Petitioner was arraigned on the four indictments and the District Attorney proceeded to trial on one of the indictments. In October, 1963, petitioner was found guilty of murder, first degree, and on November 8, 1963 he was sentenced to death. He is presently in the death house at Sing Sing Prison pending the automatic appeal to the Court of Appeals from his conviction.

From May, 1960 to November, 1963 — when petitioner was brought to trial in New York County — petitioner was in prison. On March 8, 1962 and April 25, 1963, following petitioner's original conviction in Suffolk County, the County Court of Suffolk County denied petitioner's motion to dismiss the other three indictments.

On November 27, 1963, petitioner served on the District Attorney a notice pursuant to section 669-a of the Code of Criminal Procedure relating to the three untried indictments.

Section 669-a provides that where a person is in prison and there is pending any untried indictment against him, he shall be brought to trial within 180 days after he serves upon the District Attorney of the county where such other indictment is pending a request for final disposition of the indictment. The court is given power to grant any necessary or reasonable continuance upon good cause shown.

Pursuant to petitioner's notice under section 669-a, the three untried indictments were placed on the Trial Calendar in the Supreme Court, New York County, before Justice MARKS. Petitioner was brought down to the court, and his counsel was present. The District Attorney then made application to the court to have the three indictments removed from the Trial Calendar pending the outcome of the appeal from the first degree murder conviction. Over opposition by petitioner's counsel, Justice MARKS ordered the indictments removed from the calendar but admonished counsel to seek an expeditious determination of the appeal.

It is this action by Justice MARKS which petitioner seeks to annul in the instant proceeding.

The District Attorney interposes certain procedural objections.

Subdivision (c) of section 7804 of the Civil Practice Law and Rules provides that in a proceeding under article 78, unless an order to show cause is obtained (and none was obtained here), a notice of petition and the papers on which the application is based shall be served on the adverse party at least 20 days before the time at which the petition is noticed to be heard. Here the petition was sworn to on January 15, 1964, received by the District Attorney on January 17 and made returnable on January 27, 1964. However, since petitioner is appearing *pro se* and the application was placed on the calendar for February 4, 1964, we should disregard failure to comply with the time limitation under subdivision (c) of section 7804.

However, a more serious objection is that an article 78 proceeding, as provided in subdivision 2 of section 7801 of the Civil Practice Law and Rules may not be used to challenge a determination made in a criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court. In *Matter of Bernoff* v. *Amoroso* (188 Misc. 845, affd. 271 App. Div. 925, mot. for lv. to app. den. 271 App. Div. 970) it was pointed out that only when the object of an article 78 proceeding was to compel the performance of a clerical ministerial act may it be used in connection with a criminal matter.

Whether the marking of the indictments '' off the calendar '' by Justice MARKS be considered an extension for '' good cause shown '' of the statutory period to bring a case to trial under section 669-a of the Code of Criminal Procedure, or a denial of petitioner's motion to dismiss the indictments for lack of prosecution, the action of the Justice was not ministerial but involved the exercise of judicial discretion. What is '' good

cause " for delay must be determined in reference to the particular facts in each case (*People* v. *Prosser,* 309 N. Y. 353, 360).

In the instant case, there was unquestionably " good cause " shown. It clearly would serve no purpose to try the petitioner on the open indictments while he was incarcerated in State prison under a sentence of death. At least this reason would be enough to warrant exercise of discretion. If discretion must be exercised, then the act is not ministerial, and there may be no review of the act in a criminal matter by an article 78 proceeding.

If the action of Justice Marks be considered a denial of petitioner's motion to dismiss the indictments for lack of prosecution, then petitioner would have his remedy by appeal from a final judgment (*People* v. *Masselli,* 17 A D 2d 367, 370, affd. 13 N Y 2d 1). There could, however, be no appeal from an intermediate order under our practice (see *People* v. *Chirieleison,* 3 N Y 2d 170, 173; *United States ex rel. Von Cseh* v. *Fay,* 313 F. 2d 620, 623).

The petition should therefore be dismissed on the ground that an article 78 proceeding may not be used to review the discretionary act of a court in a criminal case.

Breitel, J. P., Valente, McNally, Stevens and Eager, JJ., concur.

Petition unanimously dismissed on the ground that an article 78 proceeding may not be used to review the discretionary act of a court in a criminal case.