### (April 25, 1979)

In the Matter of ROBERT BLOOM et al., Petitioners, v JOHN CLYNE, as a Justice of the Supreme Court, Third Department, Respondent.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) seeking, *inter alia,* to prohibit respondent from proceeding with the trials of petitioners in Ulster County Court. Petitioners were indicted in September, 1977 on various charges arising out of an incident which occurred at the Eastern Correctional Facility in August, 1977. Upon the call of their cases for trial on April 16, 1979, petitioners informed respondent that they wished to be represented at trial by attorney Robert Bloom who, they claimed, had been their attorney for the past year. Respondent was also informed that attorney Bloom was currently involved in another criminal trial in Supreme Court, Kings County, and was therefore unavailable to appear on petitioners' behalf. An affidavit of actual engagement was filed in which Mr. Bloom explained his present situation and outlined his various trial commitments subsequent to the Kings County trial. An adjournment of the instant cases for three months was therefore requested. Respondent, however, denied this request apparently on the grounds that Mr. Bloom had never filed a notice of appearance on behalf of petitioners and that petitioners were in fact represented by certain local attorneys who had been assigned to their cases in October, 1977. Petitioners now contend that respondent, by requiring them to proceed with an immediate trial of the instant indictments in the absence of Mr. Bloom, has acted to deprive them of their constitutional guarantee of representation by counsel of their own choosing. We observe initially that the extraordinary remedy of prohibition is only available where the petitioner has established a clear right to relief and where the action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (see, e.g., *Matter of State of New York v King,* 36 NY2d 59). It is further clear that the remedy does not lie to review the exercise of discretion in criminal cases *(Matter of Bloeth v Marks,* 20 AD2d 372, mot for lv to app den 15 NY2d 481; *Matter of Russell v County Ct. of Chemung County,* 40 AD2d 615) nor is it available to review claimed errors of substantive or procedural law even where constitutional issues are involved *(La Rocca v Lane,* 37 NY2d 575, 580, cert den 424 US 968; cf. *Matter of Simpson v Swartwood,* 69 AD2d 954). In view of these principles, we conclude that respondent's refusal to grant the adjournment requested by petitioners is not subject to review at this time by way of collateral proceeding. Although we do not reach the merits, we note that petitioners have had assigned attorneys since October, 1977, that these attorneys have

never been relieved and have in fact made recent court appearances on petitioners' behalf as attorneys of record, and that Mr. Bloom's affidavit of actual engagement indicated his unavailability for several months. In view of these facts, and considering that the indictments in question are now nearly 18 months old, it is unlikely that respondent could be said to have abused his discretion in ordering these trials to proceed (see, e.g., *People v De Chiaro,* 48 AD2d 54, *cert den* 423 US 894). Petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.