(March 27, 1981)

■ In the Matter of JAMES C. MULLEN, Petitioner, v JOSEPH HARRIS et al., Respondents. — Application pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated March 26, 1981 dismissed. The extraordinary remedy of prohibition is available only where petitioner has established a clear right to relief and where action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (see, e.g., *Matter of State of New York v King,* 36 NY2d 59). It is further clear that prohibition does not lie to review the exercise of discretion in criminal cases *(Matter of Bloom v Clyne,* 69 AD2d 956; *Matter of Bloeth v Marks,* 20 AD2d 372, mot for lv to app den 15 NY2d 481) and is not available to review claimed errors of substantive or procedural law, even where constitutional issues are involved *(La Rocca v Lane,* 37 NY2d 575, 580, cert den 424 US 968; *Matter of Bloom v Clyne, supra).* In view of these principles and, further, since the actions complained of in support of the petition would be reviewable on an appeal from a judgment of conviction, this collateral proceeding does not lie. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.

(March 30, 1981)

■ In the Matter of WILLIAM J. MURPHY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on September 21, 1950. On June 27, 1980 he was convicted in the United States District Court for the Northern District of New York, upon his plea of guilty, of the misdemeanor of willfully failing to file an income tax return for the year 1976 in violation of section 7203 of the Internal Revenue Code (US Code, tit 26, § 7203), fined $7,500 and placed on probation for one year. Under the recent amendments to section 90 of the Judiciary Law (L 1979, ch 674, § 1), an attorney's conviction for willful failure to file income tax returns is denominated a "serious crime" (Judiciary Law, § 90, subd 4, par d) and mandates the attorney's automatic suspension unless such suspension is stayed upon the attorney's application by the Appellate Division (Judiciary Law, § 90, subd 4, par f). On July 28, 1980 respondent filed a record of his conviction with this court and moved for a stay. We granted respondent's motion on August 12, 1980. Thereafter, this proceeding was commenced and the matter was referred to a Hearing Justice who has now submitted his report. Given the serious nature of the crime of which respondent was convicted, we are of the opinion that he should be suspended from the practice of law for a period of three months. Respondent suspended for a period of three months, the date of suspension to be fixed in the order to be entered hereon. Mahoney, P.J., Sweeney, Kane, Main and Casey, JJ., concur.