at work. The employer's expert testified "it is my considered medical opinion that the initial episode initiated by the accident of December 8th ultimately eventuated in a fresh myocardial infarct". Questions of credibility, reasonableness and weight of medical proof are for the board to decide (*Matter of Rothstein v Consolidated Elec. Constr. Co.*, 84 AD2d 594). The board was free to accept or reject the whole or any part of the offered medical evidence (*Matter of Murtagh v St. Theresa's Nursing Home*, 84 AD2d 587). Since it is supported by substantial evidence, the board's determination must be affirmed (*Matter of Murtagh v St. Theresa's Nursing Home, supra; Matter of Baldassari v Greenwich Mills Co.*, 65 AD2d 839). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

## (February 12, 1982)

■ In the Matter of WILLIAM EVERETTS, Petitioner, v M. ANDREW DWYER, as County Judge of Rensselaer County, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated December 29, 1981 dismissed. The extraordinary remedy of prohibition is available only where petitioner has established a clear right to relief and where action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (see, e.g., *Matter of State of New York v King*, 36 NY2d 59). It is further clear that prohibition does not lie to review the exercise of discretion in a criminal case (*Matter of Mullen v Harris*, 80 AD2d 981; *Matter of Bloom v Clyne*, 69 AD2d 956; see CPLR 7801). Since the matter sought to be reviewed here involves an exercise of discretion by respondent County Judge, this proceeding does not lie (CPL 210.20, subd 4; *Matter of Haley v Darrigrand*, 64 AD2d 862, mot for lv to app den 46 NY2d 705). Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEFFREY SOBCHIK, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2), for a writ of habeas corpus, denied upon the ground that it appears from the papers submitted that petitioner is not illegally detained (CPLR 7003, subd [a]). Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. REGINALD JENKINS, Petitioner, v PHILIP COOMBE, as Superintendent of Eastern New York Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2), for a writ of habeas corpus, denied upon the ground that it appears from the papers submitted that petitioner is not illegally detained (CPLR 7003, subd [a]). Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

## (February 18, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. RANDALL, Appellant. — Appeal from a judgment of the County Court of