■ In the Matter of LEWIS QUACKENBUSH, Petitioner, v DONALD H. MONROE, as County Judge of Chemung County, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated January 14, 1982 dismissed. The extraordinary remedy of prohibition is available only where petitioner has established a clear right to relief and where action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (see, e.g., *Matter of State of New York v King,* 36 NY2d 59). It is further clear that prohibition does not lie to review the exercise of discretion in criminal cases (*Matter of Bloom v Clyne,* 69 AD2d 956) and is not available to review claimed errors of substantive or procedural law, even where constitutional issues are involved (*La Rocca v Lane,* 37 NY2d 575, 580, cert den 424 US 968; *Matter of Bloom v Clyne, supra*). In view of these principles and, further, since the action complained of in support of the petition would be reviewable on an appeal from a judgment of conviction, this collateral proceeding does not lie. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

■ In the Matter of MILTON QUACKENBUSH, Petitioner, v DONALD H. MONROE, as County Judge of Chemung County, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated January 15, 1982 dismissed (see *Matter of Quackenbush v Monroe,* 87 AD2d 720 [No. 18]). Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

## (March 19, 1982)

■ In the Matter of BROOKLYN UNION GAS COMPANY, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant. — Motion for reargument denied, without costs. Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion, ought to be reviewed by the Court of Appeals: "Did this court err in reversing Special Term's order granting petitioner's motion for permission to file supplemental appraisal reports on the ground that such order constituted an abuse of discretion as a matter of law?" Kane, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.