■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY RIDDICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 12, 1984, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Cohen, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The court properly denied that branch of the defendant's motion which was to suppress a handgun which had been seized during the execution of a search warrant at 1051 Bedford Avenue in Brooklyn. The warrant described the premises to be searched with sufficient particularity so as to conform to statutory and constitutional requirements (US Const 4th Amend; NY Const, art I, § 12; CPL 690.45 [4]; Maryland v Garrison, 480 US 79; People v Salgado, 57 NY2d 662, rearg

*denied* 57 NY2d 956). Although the warrant authorized a search for gambling paraphernalia, the handgun was properly seized pursuant to the "plain view" exception to the warrant requirement *(see, Coolidge v New Hampshire,* 403 US 443, 465; *People v Jackson,* 41 NY2d 146, 150; *People v Watson,* 100 AD2d 452, 463; *People v Earley,* 76 AD2d 335, 341). Finally, we find that the court did not abuse its discretion (CPL 220.60 [3]) in denying, after a hearing, the defendant's presentence motion to withdraw his plea. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.