■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered August 15, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Shortly before trial the People were allowed to amend the indictment, which charged the defendant with robbery in the first degree, by deleting the language: "was armed with a deadly weapon to wit: hand gun or revolver", and substituting therefor the language: "displayed what appeared to be a pistol or a revolver". The defendant contends that this was error. We disagree.

Pursuant to CPL 200.70, the trial court is authorized to permit the amendment of an indictment, at any time before or during trial, with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, provided that the proposed amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits *(see, e.g., People v Goodman,* 156 AD2d 713). Here, the prosecution's theory of the case was that the defendant had committed the robbery by displaying what appeared to be a gun *(see, People v Cepedes,* 130 AD2d 676). Moreover, the amendment conformed the indictment to the evidence that was presented to the Grand Jury *(see, People v Fullwood,* 107 AD2d 975), and accurately reflected the criminal act for which the Grand Jury intended to indict the defendant *(see, People v Goodman, supra).* Finally, the defendant has not shown that he was prejudiced in any way by the amendment *(see, People v Hartman,* 123 AD2d 883; *People v Ames,* 115 AD2d 543).

The defendant also contends that he was deprived of a fair trial by certain remarks made by the prosecutor during the course of her summation. However, insofar as defense counsel failed to object to some of those comments, the defendant's claims of error are not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852; *People v Sidberry,* 109 AD2d 807). As to the comment that was objected to, when viewed within the context of the trial evidence and

the defense counsel's summation, it cannot be said that the remark deprived the defendant of a fair trial *(see, People v Draksin,* 145 AD2d 500; *People v Colon,* 122 AD2d 151). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.