■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASPER KELLY, Also Known as JASPER KELLEY, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered February 21, 1990, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the defendant's statements to the police. The vehicle in which the defendant was a passenger was observed being driven by a known car thief, without headlights, at 4:00 A.M., in the vicinity of the residence of the defendant, who was wanted in connection with an assault which occurred earlier that evening. When asked to produce his license and registration, the driver refused. Having lawfully stopped the vehicle, the officers were justified under the circumstances then present to order the defendant to step out of the vehicle and identify himself *(see, People v McLaurin,* 70 NY2d 779; *People v De Bour,* 40 NY2d 210, 213; *People v Elsberry,* 157 AD2d 848; *People v Francois,* 155 AD2d 685). Having identified himself, the officers realized that the defendant was the suspect wanted in connection with the assault. Therefore, probable cause existed for his arrest. Furthermore, there is no evidence in the record to support the defendant's claim that his subsequent statements to the police were anything but voluntary.

During trial, the People were permitted, over the objection of defense counsel, to amend a count of the indictment charging intentional assault in the first degree (Penal Law § 120.10 [1]) by substituting the words "dangerous instrument" for "deadly weapon". The defendant's claim that he was prejudiced by this amendment is meritless, since the count charged that the assault took place by means of a bicycle, which by

definition can only be a "dangerous instrument" *(see,* CPL 200.70; Penal Law § 10.00 [12], [13]; *People v Johnson,* 163 AD2d 613; *People v Shannon,* 127 AD2d 863).

The trial court correctly ruled admissible the rehabilitative medical records of one of the victims as relevant on the question of the protracted nature of his injuries *(see,* Penal Law § 10.00 [10]; § 120.10 [1], [3]).

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Even if the jury accepted the defendant's contention that the victims had intended to rob him, credible eyewitness testimony was adduced to support the conclusion that the degree of force employed by the defendant went far beyond what would have been justified under the circumstances.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.