■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HOOD, Appellant. [598 NYS2d 569] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 10, 1991, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's challenge to the trial testimony elicited by the prosecution regarding the complainant's identification of the defendant as her assailant shortly after the shooting. The testimony was properly admitted as an excited utterance, inasmuch as the record demonstrates that the complainant was under the stress of having suffered serious multiple gunshot wounds only minutes before making the statement, that she was bleeding heavily and was experiencing a great deal of pain, and that her statement was not the product of deliberation or reflection (see, People v Brown, 70 NY2d 513; People v Edwards, 47 NY2d 493; People v Caviness, 38 NY2d 227). Moreover, any potential bolstering error in permitting a police officer to testify as to the complainant's statements must be viewed as harmless in light of the fact that the defense produced a witness who testified that he heard the complainant identify the defendant by name as the person who shot her.

We further find that the trial court properly permitted the People to amend the indictment by changing the description of the weapon used in the assault from a "handgun" to a "shotgun". Pursuant to CPL 200.70, the trial court is authorized to permit the amendment of an indictment at any time before or during trial with respect to defects, errors, or variances from the proof relating to matters of form, time, place, names of persons and the like, provided that the proposed amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits (see, e.g., People v Johnson, 163 AD2d 613). Here, the prosecution's theory of the case was that the defendant committed the assault by means of a deadly weapon. The amendment simply conformed the indictment to the evidence that was presented to the Grand Jury and accurately reflected the criminal act for which the Grand Jury intended to indict the defendant (see, People v Johnson, supra). Moreover, the defendant has not shown that he was prejudiced in any way by the amendment (see, People v Hartman, 123 AD2d 883).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.