■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. RACKIS, Appellant. [600 NYS2d 854] —Mikoll, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 15, 1992, upon a verdict convicting defendant of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and endangering the welfare of a child.

At about 10:30 P.M. on September 28, 1990, Stephanie Pelcher, a resident of 22 Elizabeth Street in the City of Amsterdam, Montgomery County, heard a car pull up outside her residence. She looked out and observed a car in the parking spot that she had vacated about 15 minutes earlier so that her husband, who was expected home from work, would have a place to park his car. She observed a man exit the parked car carrying a rifle. She called her husband, who in turn called the Amsterdam City Police.

Shortly thereafter, defendant was observed by the police

sitting on a stoop at 34 or 36 Elizabeth Street. He was approached by the police and given his *Miranda* rights. Defendant, in answer to inquiries from Police Officer Patrick Miller, explained why he had possession of the rifle. Defendant was arrested and taken into custody. Defendant was subsequently indicted and thereafter convicted after a jury trial of the crimes charged; driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and endangering the welfare of a child. The judgment should be affirmed.

Miller testified at trial on direct examination concerning his conversation with defendant stating that defendant, who explained to Miller that his eight-year-old son was visiting with him while the boy's mother was away; defendant told Miller that his son had not eaten in a couple of days and so they had come into Amsterdam to get some food. Miller further testified that defendant said that he had stopped at a pay phone and ordered some pizzas that were to be delivered. Defendant also stated that his son was sitting down the street in the car, that he (defendant) was not going to hurt anybody and was "stuck between a rock and a hard place".

Miller said that defendant's only response when asked what he was using the rifle for was, "I would never hurt anybody." Defendant admitted that he had been drinking some beer and said that he had come up the street to "meet the pizza". The testimony was allowed pursuant to an earlier ruling and County Court, shortly after Miller's direct examination, gave a limiting instruction advising the jury that the statements were to be considered only with regard to the first and third counts of the indictment, and further informed the jurors that defendant's statements "were not offered and must not be considered by you as proof that defendant had a disposition or intended to commit any offenses on September 28, 1990, other than those alleged in the Indictment".

On this appeal, defendant contends that County Court abused its discretion in allowing defendant's statements to be admitted into evidence because they were evidence of an uncharged crime—that defendant intended to rob a pizza delivery person at gunpoint—thereby committing reversible error. We disagree. Defendant overstates the effect of the statement. Defendant did not state that he intended to rob a pizza delivery person and to so conclude is speculative. County Court's curative instructions limited the jury's speculation in that direction and the statement was probative on the issue of the identity of defendant as the man who left the car and

explains the witnesses' testimony and why the police came to the scene. The statement was also probative of defendant's state of intoxication. The probative value of the testimony outweighed its potential for prejudice, especially in view of County Court's limiting instructions given at the time the testimony was given and as part of the court's charge *(see, People v Ely,* 68 NY2d 520, 529-530; *see also, People v Ventimiglia,* 52 NY2d 350, 359-360).

Weiss, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.