■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE E. SAGE, Appellant. [612 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 17, 1990, convicting him of murder in the second degree (two counts), robbery in the first degree, attempted murder in the second degree (two counts), assault in the first degree (two counts), kidnapping in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and the defendant's statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, the hearing court properly denied suppression of the defendant's oral and written statements. The record clearly indicates that the defen-

dant's statements were voluntary and not the product of coercive tactics (see, People v Perkins, 177 AD2d 720; People v Harrington, 163 AD2d 327).

The defendant contends that the hearing court erred in sustaining the search warrant and in denying his motion to suppress the gun that was found in his vehicle. The defendant contends that the seizure of this undesignated item was beyond the scope of the warrant and that it was unauthorized. We disagree. Although the gun was not listed on the warrant, its seizure was proper since it was in "plain view" (see, People v Riddick, 143 AD2d 1060).

It was proper for the trial court to permit the People to amend two counts of the indictment. Counts six and eight of the original indictment both charged the defendant with committing the crime of assault in the first degree "by means of a dangerous instrument, namely, a handgun." Prior to the summations, the People requested that the indictment be amended to state that the injury was caused "by means of a deadly weapon" (Penal Law § 120.10 [1]). We find that the amendment did not change the theory of the prosecution. The prosecution's theory in the original and amended indictment was the same, i.e., that the defendant had used a gun to assault the victims, and a gun is, by definition, a deadly weapon (see, People v Hood, 194 AD2d 556; People v Kelly, 178 AD2d 491; People v Reed, 168 AD2d 645; People v Felton, 141 AD2d 839). Moreover, the defendant has not shown that he was prejudiced in any way by the amendment (see, People v Johnson, 163 AD2d 613).

A sworn juror's acquaintance with one of the police-officer witnesses did not deny the defendant a fair trial. The juror stated unequivocally and repeatedly that he would not give greater weight to the testimony of the police officers than that of the other witnesses. Accordingly, the court's decision not to discharge the juror was not an improvident exercise of discretion (see, People v Hill, 167 AD2d 418; People v Butts, 140 AD2d 739; People v Colon, 127 AD2d 678, affd 71 NY2d 410, cert denied 487 US 1239).

The defendant contends that the merger doctrine precludes his conviction for kidnapping because any restraint that he imposed upon the complainant was wholly incidental to and inseparable from the substantive crimes of attempted murder and assault. Since the defendant failed to assert this contention before the trial court, it is not preserved for our review (see, People v Grega, 72 NY2d 489, 497; People v Salimi, 159 AD2d 658). In any event, the defendant's contention is without

merit. It appears from the record that the defendant kidnapped the complainant in order to kill her. The defendant's statements to the police reveal that he was afraid of being identified by the complainant and of going to jail. "Since the kidnapping could be viewed as a kidnapping with intent to accomplish murder, the merger doctrine is simply unavailable" *(People v Kalyon,* 142 AD2d 650, 651; *see also, People v Miles,* 23 NY2d 527, 539, *cert denied* 395 US 948; *People v Carmichael,* 155 AD2d 983, 984; *People v Pellot,* 105 AD2d 223, 226).

The sentence that was imposed is appropriate under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Miller, Joy and Altman, JJ., concur.