■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. BELL, Appellant. [614 NYS2d 790] —Mikoll, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 4, 1993, upon a verdict convicting defendant of the crime of burglary in the second degree.

During the course of an investigation into a reported burglary of the residence of Keith Bailey and Chris Bailey in the Town of Conklin, Broome County, that occurred on the afternoon of March 12, 1992, State Police Investigator Susan Mulvey became aware that defendant was present when a Discover credit card stolen in the burglary was used to make a purchase in a store at Oakdale Mall. Three men were present during the purchase, two of whom were identified as Dana Fiene and "Bill". Fiene told Mulvey that David Brink was the one who used the Discover card at the mall.

Mulvey contacted defendant, who at first denied any knowledge of the burglary, but explained that Brink owed him some money and offered to buy some merchandise for him at the mall as repayment. He said that Brink made the purchases but did not tell defendant that the card was stolen. On June 23, 1992 Mulvey spoke with Brink, who admitted that defendant had driven him around Conklin in search of a place to burglarize. Brink said that defendant dropped him off on Powers Road and he then burglarized the Bailey residence. Brink said that defendant drove him to the mall where they made purchases with the stolen credit card. Brink also involved defendant in other burglaries.

On the morning of July 8, 1992, defendant voluntarily came to the State Police barracks for a second interview. Defendant was advised of his *Miranda* rights and admitted his participation in the Bailey burglary in a signed statement. Defendant

was subsequently indicted on one count of burglary in the second degree. Following denial of his motion to suppress after a hearing in County Court, he was tried and found guilty by a jury of the crime charged. County Court sentenced him to an indeterminate term of 3 to 9 years' imprisonment.

Defendant claims that County Court erred (1) in denying his motion to suppress, (2) in allowing the introduction of evidence of other crimes into evidence, (3) in failing to grant immunity to defense witness Fiene when defendant called Fiene to testify in his case, (4) in showing partiality against defendant by asking the prosecutor if there was an objection during the redirect examination of defendant, (5) in allowing an amendment to the indictment during trial changing the date of the crime from March 13, 1992 to March 12, 1992, and (6) in imposing a harsh and excessive sentence.

Review of the suppression hearing testimony reveals that County Court did not err in rejecting defendant's testimony that he was told at questioning that if he wanted an attorney present he would be jailed until one could be obtained for him, and that if he cooperated by giving a statement he would be charged only with possession of stolen property. Mulvey testified that she did not make such statements. County Court could properly resolve the credibility question presented adversely to defendant (see, People v Carbone, 184 AD2d 648, 649; People v Sprow, 173 AD2d 509, lv denied 78 NY2d 975). There is no other evidence showing that defendant's statement was not voluntarily given.

Examination of the trial record does not support defendant's argument that the People deprived defendant of a fair trial by improperly introducing evidence of defendant's uncharged criminal conduct to the jury. Defendant made no objection to Mulvey's testimony on direct examination that during her first interview of Brink he implicated defendant in the Bailey burglary. However, defendant did object to Mulvey's testimony that, during her second interview with defendant, she confronted him with the fact that Brink implicated him in other incidents. This objection was sustained by County Court with proper curative instructions to the jury. No further inquiry on the subject was made during the People's case.

Defense counsel objected to the People offering into evidence the complete written statement of defendant and commented that he would prefer that portions of defendant's statement not be read to the jury. The objection was withdrawn after a sidebar conference and the full statement was received into evidence and read to the jury. This issue, however, was not

preserved for review as defendant did not request redaction of any portion of the statement. By withdrawing his objection and consenting to a curative instruction from County Court, the issue was not preserved for review in this Court and we find no reason to reverse on this ground in the interest of justice. Moreover, in view of the curative instruction given by County Court defendant was not prejudiced *(see, e.g., People v Rackis,* 195 AD2d 893, 894).

Defendant's contention that Fiene was improperly denied immunity is without merit. Defendant put Fiene on the stand knowing that he would plead the 5th Amendment privilege against self incrimination and that the People would not offer him immunity. There was no showing that the prosecution abused its discretion in declining to grant immunity *(see,* CPL 50.30) through any bad faith or misconduct *(see, People v Owens,* 63 NY2d 824; *People v Adams,* 53 NY2d 241; *People v Greco,* 187 AD2d 151, 159, *lv denied* 81 NY2d 1073).

County Court's grant of the People's motion to amend the date of the indictment was not improper. The amendment merely corrected an error in form, was not prejudicial on the merits and did not alter the theory of the prosecution's case *(see,* CPL 200.70; *People v Hood,* 194 AD2d 556, *lv denied* 82 NY2d 720). Defendant's claim that County Court was not impartial in the conduct of the trial is not supported by the record and has not been preserved for appellate review by a timely objection *(see,* CPL 470.05).

Finally, defendant has failed to demonstrate that County Court abused its discretion or established the existence of extraordinary circumstances warranting a reduction of the sentence imposed, and we decline to do so *(see,* CPL 470.15 [3] [c]; [6] [b]; *People v Du Bray,* 76 AD2d 976).

Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.