■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DeSANTO, Appellant. [629 NYS2d 460] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered February 21, 1990, convicting him of rape in the first degree (two counts), rape in the second degree (two counts), attempted sodomy in the first degree, sexual abuse in the first degree, and sexual abuse in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 200.70, the trial court is authorized to order the amendment of an indictment at any time before or during the trial with respect to defects, errors, or variances from the proof relating to matters of form, time, place, names of persons, and the like when the proposed amendment does not change the theory of the prosecution, as reflected in the evidence before the Grand Jury, or otherwise tend to prejudice the defendant on the merits (see, People v Hood, 194 AD2d 556; see also, People v Nichols, 193 AD2d 764; People v Johnson, 163 AD2d 613).

The trial court properly granted the prosecutor's motion to amend the indictment in this case. The amendment, which was to correct an obvious clerical error, did not change the theory of the prosecution (see, People v Grega, 72 NY2d 489, 499;

*see, People v Gray,* 157 AD2d 596; *People v Heaton,* 59 AD2d 704). It simply conformed the indictment to the evidence that was presented to the Grand Jury to accurately reflect the criminal act for which the Grand Jury had intended to indict the defendant *(see, People v Hood, supra; People v Johnson, supra).* In addition, the defendant was not prejudiced in any way by the amendment *(see, People v Sage,* 204 AD2d 746; *People v Hood, supra; People v Gray, supra).*

The defendant's remaining contentions are without merit. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.