■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEWIS, Also Known as LEONARDO JOHNSON, Appellant. [657 NYS2d 971] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 15, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, under Indictment No. N11959/94, and (2) an amended judgment of the same court, also rendered March 15, 1995, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of stolen property in the fifth degree, under Indictment No. 1515/91.

Ordered that the judgment and the amended judgment are affirmed.

The defendant contends that the trial court erred in summarily denying his motion for a suppression hearing. We disagree. The defendant failed to raise a privacy interest in the contraband recovered at the scene and, therefore, had no standing to seek a suppression hearing (*see,* CPL 710.60; *People v Wesley,* 73 NY2d 351, 358; *People v Jones,* 210 AD2d 91).

The trial court properly granted the People's motion to amend the indictment to reflect the true date of the crimes committed. The amendment corrected an obvious clerical error which was not prejudicial and did not alter the theory of the prosecution's case (*see,* CPL 200.70; *People v DeSanto,* 217 AD2d 636; *People v Bell,* 206 AD2d 686; *People v Hood,* 194 AD2d 556).

Since the violation of probation was based on the conviction under Indictment No. N11959/94, his probation was properly revoked.

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.