■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS NEWMAN, Appellant. [661 NYS2d 803] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN BRAHNEY, Appellant. [659 NYS2d 593] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court erred in allowing the People to amend count three of the indictment. That count charged defendant with committing the crime of assault in the first degree in that, "in the course of committing the felony of Robbery[, defendant] did cause serious physical injury to [the victim], a person other than one of the participants, by striking [him] in the head with a sawed off baseball bat". The phrase, "by striking [him] in the head with a sawed off baseball bat", was deleted. The amendment did not change the theory of the prosecution and, in any event, defendant was acquitted of count three and thus has failed to show that he was prejudiced by the amendment (*see, People v Sage,* 204 AD2d 746, *lv denied* 84 NY2d 832; *People v Johnson,* 163 AD2d 613, *lv denied* 76 NY2d 940).

The contention that defendant was deprived of *Brady* material is not preserved for our review (*see, People v Griffin,* 129 AD2d 975, *lv denied* 69 NY2d 1004), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, upon our review of the record, we conclude that the verdict is supported by legally sufficient evidence and is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Cayuga County Court, Corning, J.—Assault, 1st Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.