■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY G. McQUEEN, Appellant. [762 NYS2d 562] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered March 9, 2001, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree (§ 145.00 [1]). There is no merit to the contention that defendant was denied effective assistance of counsel based on deficiencies in the omnibus motion filed by defendant's initial counsel. The failure of counsel "to make a particular pretrial motion generally does not, by itself, establish ineffective assis-

tance of counsel" (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Rodriguez,* 303 AD2d 783 [2003]; *People v Bueno,* 299 AD2d 918 [2002], *lv denied* 99 NY2d 612 [2003]; *People v Garnsey,* 288 AD2d 761 [2001], *lv denied* 97 NY2d 754 [2002]). In any event, defendant has not demonstrated "the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (*People v Garcia,* 75 NY2d 973, 974 [1990], quoting *Rivera,* 71 NY2d at 709; *see People v Rodriguez,* 270 AD2d 956, 957 [2000], *lv denied* 95 NY2d 870 [2000]; *see also People v Goncalves,* 283 AD2d 1005 [2001], *lv denied* 96 NY2d 918 [2001]; *People v Workman,* 277 AD2d 1029, 1031-1032 [2000], *lv denied* 96 NY2d 764 [2001]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

County Court did not abuse its discretion in summarily denying defendant's motion to suppress evidence as untimely made (*see* CPL 255.20 [3]; *People v Adams,* 252 AD2d 980 [1998], *lv denied* 92 NY2d 947 [1998]; *People v Randall,* 239 AD2d 940 [1997], *lv denied* 90 NY2d 909 [1997]; *People v Stafford,* 79 AD2d 435, 440 [1981], *appeal dismissed* 54 NY2d 760 [1981]). We reject the contention that defendant demonstrated good cause for failing to move to suppress the evidence within 45 days of arraignment (*see* CPL 255.20 [3]; *People v Hoffman,* 283 AD2d 928, 929 [2001], *lv denied* 96 NY2d 919 [2001]).

The record does not support defendant's contention that the People violated their obligations under *Brady v Maryland* (373 US 83 [1963]) to disclose evidence of a promise of leniency made to a prosecution witness in exchange for his cooperation or testimony. Counsel for codefendant cross-examined the witness in question with regard to the quid pro quo, expressly referring to the terms of the People's agreement with the witness. Moreover, counsel for defendant, like counsel for codefendant, commented upon the matter on summation. Those facts belie defendant's contention that the matter was not disclosed at any time prior to the People's summation. In any event, reversal is not required inasmuch as defendant had a meaningful opportunity to use the allegedly exculpatory material on cross-examination (*see People v Cortijo,* 70 NY2d 868, 870 [1987]; *People v Middlebrooks,* 300 AD2d 1142, 1143-1144 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Bonilla,* 298 AD2d 871 [2002], *lv denied* 99 NY2d 555 [2002]).

We have considered defendant's remaining contentions and

conclude that they are without merit. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.