■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KELLY, Appellant. (Appeal No. 1.) [765 NYS2d 115] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered March 22, 2002, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from judgments convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [3]), obstructing governmental administration in the second degree (§ 195.05), and resisting arrest (§ 205.30) (appeal No. 1), as well as various drug offenses (appeal No. 2). Defendant was originally indicted on all of those offenses in

May 2001. In October 2001, County Court dismissed the counts charging defendant with the drug offenses on the basis that the evidence before the grand jury was legally insufficient, but granted the People leave to re-present those counts to another grand jury. In November 2001, defendant was charged by a second indictment with the drug offenses, and the two indictments were thereafter consolidated.

We reject defendant's contention that defense counsel's failure to move to dismiss the first indictment on the ground that defendant was denied his right to testify before the grand jury constituted ineffective assistance of counsel. Under "the totality of the circumstances," defense counsel's failure to make such a motion in a timely manner does not constitute ineffective assistance of counsel (*People v Meissler,* 305 AD2d 724 [2003]; *see People v Hook,* 246 AD2d 470 [1998], *lv denied* 92 NY2d 848, 853 [1998]). "The failure of counsel 'to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel' " (*People v McQueen,* 307 AD2d 765, 765-766 [2003]). Defendant "failed to demonstrate the necessary absence of strategic or other legitimate explanations for counsel's actions" (*People v Richardson,* 193 AD2d 969, 971 [1993], *lv denied* 82 NY2d 725 [1993]; *see McQueen,* 307 AD2d at 766). The People complied with CPL 190.50 (a) by providing defendant with "reasonable time" to exercise his right to testify before the grand jury (*see People v Sawyer,* 96 NY2d 815, 816 [2001], *rearg denied* 96 NY2d 928 [2001]), and defendant did not timely notify the People of his desire to so testify. Thus, because a timely motion to dismiss the indictment would have been without merit, defense counsel's failure to make such a motion does not constitute ineffective assistance (*see People v Torres,* 224 AD2d 647 [1996], *lv denied* 88 NY2d 886 [1996]).

The contention of defendant that he was denied a fair trial by the prosecutor's remarks during summation is not preserved for our review (*see* CPL 470.05 [2]), and, in any event, is without merit. The prosecutor's comments were either fair comment on the evidence or fair response to defense counsel's summation (*see People v Casillas,* 289 AD2d 1063, 1064-1065 [2001], *lv denied* 97 NY2d 752 [2002]; *People v Robinson,* 267 AD2d 981 [1999], *lv denied* 95 NY2d 838 [2000]; *see also People v Root,* 298 AD2d 855 [2002], *lv denied* 99 NY2d 564 [2002]; *People v Montana,* 298 AD2d 934, 935 [2002], *lv denied* 99 NY2d 561 [2002]). Contrary to the further contention of defendant, there was no violation of his statutory or constitutional speedy trial rights (*see* CPL 30.20, 30.30; *People v Taranovich,* 37 NY2d 442, 445 [1975]).

Defendant contends in his pro se supplemental brief that his motion to suppress statements he made to police should have been granted because he was not given *Miranda* warnings and because the statements were coerced by the use of force. We reject those contentions. Defendant made the statements at issue during the course of a drug transaction to an undercover officer who was posing as a prostitute and wearing a wire. The court properly concluded that, under those circumstances, *Miranda* warnings were not required because the statements were not made in response to custodial interrogation (*see People v Zeigler*, 299 AD2d 910, 911 [2002], *lv denied* 99 NY2d 586 [2003]; *People v Kaufman*, 288 AD2d 895, 896 [2001], *lv denied* 97 NY2d 684 [2001]). In addition, there was no evidence presented at the suppression hearing that the statements were procured by the use of threats or force by the police or were otherwise involuntary.

Defendant failed to preserve for our review the contention raised in his pro se supplemental brief that the conviction of assault is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) because the officer did not sustain a serious injury (*see* Penal Law § 10.00 [9]). In any event, that contention is without merit because the testimony of the officer who was injured establishes that he sustained an "impairment of [his] physical condition or substantial pain" (*id.*). Defendant also failed to preserve for our review his contentions that the People failed to turn over alleged *Brady* material (*see People v Tobias*, 273 AD2d 925, 926 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Brahney*, 239 AD2d 930 [1997], *lv denied* 91 NY2d 869 [1997]), and that the indictments should have been dismissed based on various defects in the grand jury proceedings (*see People v Brown*, 81 NY2d 798 [1993]; *People v Workman*, 277 AD2d 1029, 1031 [2000], *lv denied* 96 NY2d 764 [2001]; *People v Sheltray*, 244 AD2d 854, 854-855 [1997], *lv denied* 91 NY2d 897 [1998]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The further contention of defendant in his pro se supplemental brief concerning the legal sufficiency of the evidence before the grand jury is not reviewable on appeal (*see People v Whitaker*, 302 AD2d 904 [2003], *lv denied* 100 NY2d 543 [2003]; *People v Russ*, 300 AD2d 1031, 1032 [2002], *lv denied* 99 NY2d 632 [2003]). We have reviewed the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.