■ In the Matter of ALAN BLUMEN et al., Petitioners, v ROBERT C. McGANN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [796 NYS2d 380]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from proceeding with the trial in criminal action entitled *People v Alan Blumen, P.C ., and Alan Blumen*, pending in Supreme Court, Queens County, under indictment No. 2670/03, charging the petitioners with a violation of Judiciary Law § 482.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

A writ of prohibition is an extraordinary remedy which "lies only where there is a clear legal right, and . . . only when a court (if a court is involved) acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *see Matter of Steingut v Gold*, 42 NY2d 311, 315 [1977]; *Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]).

Moreover, prohibition "will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power" (*Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]). Further, prohibition does not lie to review the exercise of discretion in criminal cases (*see Matter of Quackenbush v Monroe*, 87 AD2d 720 [1982]).

Although count one of the indictment failed to set forth the county in which the offense charged was committed, as required under CPL 200.50 (5), the Supreme Court providently exercised its discretion in permitting the prosecution to amend the indict-

ment to allege the county where the alleged offense occurred. CPL 200.70 authorizes a court to order the amendment of an indictment at any time before or during the trial with respect to defects, errors, or variances from the proof relating to matters of form, time, place, names of persons, and the like when the proposed amendment does not change the theory of the prosecution, as reflected in the evidence before the grand jury, or otherwise tend to prejudice the defendant on the merits (see *People v DeSanto*, 217 AD2d 636 [1995]; *People v Hood*, 194 AD2d 556, 571 [1993]).

Contrary to the petitioners' contention, the prosecution presented evidence supporting the amendment to the grand jury. Further, the petitioners failed to demonstrate how the proposed amendment would change the theory of the case, or result in prejudice on the merits.

Accordingly, inasmuch as the Supreme Court providently exercised its discretion and the remedy of prohibition is not available to challenge such discretionary determination (see *Matter of Quackenbush v Monroe, supra*), we deny the petition and dismiss the proceeding. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.