■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON M. WILLEY, Appellant. [851 NYS2d 774]—Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered April 7, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [a]). By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Oltz*, 1 AD3d 934, 935 [2003], *lv denied* 1 NY3d 632 [2004]). Further, the exception to the preservation requirement does not apply herein (*see generally Lopez*, 71 NY2d at

666). That exception "applies where a defendant's factual recitation casts significant doubt on his guilt by negating an essential element of the crime . . . , 'not where[, as here,] the sufficiency of the articulation of the element is challenged' " (*People v Ward*, 282 AD2d 871, 872 [2001], quoting *People v Vonderchek*, 245 AD2d 979, 980 [1997], *lv denied* 91 NY2d 945 [1998]). To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Defense counsel's failure to file an omnibus motion does not, by itself, constitute ineffective assistance of counsel (*see generally People v McQueen*, 307 AD2d 765, 765-766 [2003], *lv denied* 100 NY2d 622 [2003]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.