Matter of Horvath v Eagan (2020 NY Slip Op 06604)





Matter of Horvath v Eagan


2020 NY Slip Op 06604


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


626 OP 19-02281

[*1]IN THE MATTER OF ROBERT HORVATH, PETITIONER,
H
v
ON. SUSAN EAGAN, AS ERIE COUNTY COURT JUDGE, LETITIA JAMES, AS NEW YORK STATE ATTORNEY GENERAL, JOHN J. FLYNN, AS ERIE COUNTY DISTRICT ATTORNEY AND HON. EDWARD PACE, AS ORCHARD PARK TOWN COURT JUDGE, RESPONDENTS. 






THE LAW OFFICES OF ZEV GOLDSTEIN, PLLC, MONSEY (ZEV GOLDSTEIN OF COUNSEL), FOR PETITIONER. 
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MICHELLE PARKER OF COUNSEL), FOR RESPONDENT JOHN J. FLYNN, AS ERIE COUNTY DISTRICT
 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to compel respondent Hon. Susan Eagan, Erie County Court Judge, to reconsider her denial of petitioner's request for leave to appeal from the denial of his coram nobis application by Orchard Park Town Court. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: In this original CPLR article 78 proceeding, petitioner seeks to compel Erie County Court to reconsider its denial of petitioner's request for leave to appeal from the denial of his coram nobis application by Orchard Park Town Court. We conclude that the petition must be dismissed.
In 2004, petitioner was operating a motor vehicle in the Town of Orchard Park when he allegedly struck a boy on a bicycle, continued driving, and did not return to the scene of the accident. According to Orchard Park Town Court records, petitioner pleaded guilty to leaving the scene of an incident without reporting personal injury in violation of Vehicle and Traffic Law § 600 (2) (a). In 2019, petitioner retained an attorney to seal his past criminal convictions pursuant to CPL 160.59. When petitioner's attorney discovered petitioner's Vehicle and Traffic Law § 600 (2) (a) conviction, petitioner moved for a writ of error coram nobis in Town Court seeking to correct the record on the ground that petitioner never pleaded guilty to a violation of section 600 (2) (a) and thus was never convicted of that offense. Town Court denied his application. Petitioner thereafter moved for leave to appeal to County Court, which declined to grant leave. Petitioner now seeks a judgment pursuant to CPLR article 78 directing County Court to grant his motion for leave to appeal and consider the merits of his appeal.
CPLR article 78 proceedings exist "primarily to afford relief to parties personally aggrieved by governmental action" (6 NY Jur 2d, Article 78 § 1), and the CPLR article 78 proceeding effectively supersedes the "common law writs of mandamus, prohibition, and certiorari to review" (Siegel & Connors, NY Prac § 557 [6th ed 2018]; see CPLR 7801; see generally CPLR 7803). Generally speaking, a CPLR article 78 proceeding is not available for criminal matters (see Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]), "unless it [is a challenge to] an order summarily punishing contempt committed in the presence of the court" (CPLR 7801 [2]). Thus, an article 78 proceeding brought in the nature of certiorari to review [*2]does not allow for review of an alleged error of law or procedure in a criminal matter (see generally Hennessey, 58 NY2d at 807). Nevertheless, an article 78 proceeding brought in the nature of mandamus allows for review in a criminal matter where it seeks to compel the performance of a clerical or ministerial act (see Matter of Bloeth v Marks, 20 AD2d 372, 374 [1st Dept 1964], lv denied 15 NY2d 481 [1964]), and an article 78 proceeding brought in the nature of prohibition allows for limited review of criminal matters (see Siegel & Connors, NY Prac
§ 559; see e.g. Matter of Soares v Herrick, 20 NY3d 139, 143-144 [2012]), where a court's exercise of jurisdiction "threatens fundamental constitutional rights" or where "the ordinary process of appeal" is unavailable or manifestly inadequate (Siegel & Connors, NY Prac § 559).
In this case, petitioner does not adequately state a ground upon which he may seek relief under CPLR article 78. In other words, petitioner does not allege that County Court failed to perform a duty enjoined upon it by law, i.e., he does not seek relief in the nature of mandamus, nor does he allege that County Court exceeded its jurisdiction or its authority, i.e., he does not seek prohibition, nor does he allege that County Court made a determination after a hearing that was not supported by substantial evidence, i.e., he does not seek certiorari to review. Rather, petitioner contends that County Court incorrectly denied his motion for leave to appeal and he now asks that this Court direct County Court to grant leave and consider the merits of his appeal from the Town Court order denying his motion for a writ of error coram nobis.
Here, because "[t]he right of review by appeal in criminal matters . . . is determined exclusively by statute" (Matter of State of New York v King, 36 NY2d 59, 63 [1975]) and there is no statutory authority allowing petitioner to appeal to this Court from County Court's denial of his motion for leave to appeal, petitioner is improperly seeking to use a CPLR article 78 proceeding as a vehicle to obtain relief to which he has no legal right. Thus, "any further appeal of the denial of his coram nobis petition would occur, if at all, in the Court of Appeals (see CPL 450.90), [and] we have no power to effectively grant further appellate review of his coram nobis application" (Matter of Seiler v Crandall, — AD3d &mdash, — [Nov. 13, 2020] [4th Dept 2020]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court