■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JONATHAN JOHNSON, Appellant, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, Respondent. [649 NYS2d 848] —Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered December 13, 1995 in Washington County, which denied petitioner's applications for a writ of habeas corpus, in three proceedings pursuant to CPLR article 70, without a hearing.

Petitioner was an inmate at Great Meadow Correctional Facility in Washington County, serving concurrent prison terms following his convictions of the crimes of kidnapping in the second degree, attempted rape in the first degree, robbery in the first degree and two counts of bail jumping in the first degree (*see, People v Johnson,* 181 AD2d 914, *lv denied* 80 NY2d 833, *cert denied* 511 US 1037; *People v Johnson,* 176 AD2d 756; *People v Johnson,* 163 AD2d 613, *lv denied* 76 NY2d 940). Petitioner subsequently filed the instant applications seeking a writ of habeas corpus on the ground that County Court did not have jurisdiction over him with the result that his criminal convictions were nullities.

Supreme Court denied these petitions and we affirm. Habeas corpus relief is inappropriate when it is based upon a claim that was or could have been raised either on direct appeal or in the context of a postjudgment motion under CPL article 440 (*see, People ex rel. Sneed v Lacy,* 217 AD2d 731, *lv denied* 86 NY2d 708). In any event, petitioner's contention as to County Court's lack of jurisdiction is patently frivolous and he has raised no other contentions that would warrant his release (*see, People ex rel. Douglas v Vincent,* 50 NY2d 901, 903).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.