■ The People of the State of New York ex rel. Charles A. Hall, Appellant, v James L. Campbell, as Sheriff of Albany County, Respondent. [735 NYS2d 827] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 23, 2001 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was indicted on January 25, 1995 on a charge of criminal sale of a controlled substance in the third degree, as the result of a cocaine sale on September 14, 1994. Petitioner thereafter filed a habeas corpus petition pursuant to CPLR article 70 which was denied by Supreme Court on August 10, 1995. However, no judgment dismissing the petition was filed.

In January 1996, petitioner was convicted of the crime of criminal sale of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of 12½ to 25 years. Defendant appealed to this Court from the judgment of conviction and, by permission, from County Court's order denying his motion pursuant to CPL 440.10. Both were affirmed by this Court (*People v Hall,* 268 AD2d 682, *lvs denied* 94 NY2d 920, 95 NY2d 797). Petitioner then moved in July 2000, pursuant to CPLR 2221, for leave to reargue the 1995 habeas corpus petition claiming, inter alia, that he was never served with a copy of the judgment dismissing his original application. Agreeing that no judgment had been filed, Supreme Court denied petitioner's motion to reargue without prejudice and directed the Albany County District Attorney to file and serve petitioner with a copy of its January 23, 2001 letter "decision/order" which was to "serve as the order embodying the August 10, 1995 bench decision denying [petitioner's] writ" and instructed petitioner that his time to appeal or move for reargument would expire 30 days after he was served with the January 23, 2001 order.

Petitioner now appeals from the judgment dismissing his

1995 application for a writ of habeas corpus which alleged that his pretrial detention was illegal because he was arrested without probable cause, he was denied effective assistance of counsel and he was denied his right to a speedy trial. We affirm. Each of petitioner's arguments has been or could have been raised on the direct appeal from his judgment of conviction or in his motion pursuant to CPL article 440 (*see, People ex rel. Silverio v Miller*, 283 AD2d 702; *People ex rel. Patterson v Lacy*, 276 AD2d 961; *People ex rel. Johnson v Stinson*, 233 AD2d 634, *lv denied* 89 NY2d 807, *rearg denied* 89 NY2d 1030).

Cardona, P.J., Mercure, Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.