■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERRENCE CURRY, Appellant, v ROY GIRDICH, as Superintendent of Franklin Correctional Facility, Respondent. [736 NYS2d 640] —Appeal

from a judgment of the Supreme Court (Feldstein, J.), entered July 18, 2001 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

On January 30, 2001, petitioner was convicted of the crimes of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree and sentenced to two concurrent prison terms of $4^{1}/_{2}$ to 9 years. Petitioner thereafter commenced this proceeding contending that the underlying indictment was fatally defective due to various alleged shortcomings, including the failure to name him in the body of the indictment, the failure to list his last known address and the lack of a signature by the foreperson of the grand jury or the District Attorney. Supreme Court denied petitioner's application for a writ of habeas corpus.

The issues raised by petitioner are issues that could have been raised on direct appeal from his criminal conviction or in the context of a CPL article 440 motion; hence, his application for a writ of habeas corpus is inappropriate and was properly denied (*see, People ex rel. Brown v Commissioner of N.Y. State Dept. of Correctional Servs.*, 252 AD2d 602; *People ex rel. Rodriguez v Kuhlmann*, 239 AD2d 721, *lv denied* 90 NY2d 808). The fact that petitioner bases his application upon allegations of jurisdictional defects in the underlying indictment does not dictate a departure from this rule (*see, People ex rel. Rada v Goord*, 274 AD2d 795; *People ex rel. Gonzalez v Bennett*, 263 AD2d 565, *lv denied* 94 NY2d 753).

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.