■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID A. BARNETT, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [741 NYS2d 458] —Mercure, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 1, 2001 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1993, petitioner was convicted of murder in the second degree in Broome County. He filed no timely notice of appeal and his motion for an extension of the time to perfect an appeal was denied by this Court. Petitioner subsequently moved in Supreme Court, Broome County, for an order vacating the judgment of conviction pursuant to CPL 440.10. That motion and petitioner's subsequent motion to reargue were both denied and this Court denied petitioner's application for leave to appeal. Petitioner then made the present application pursuant to CPLR article 70 for a writ of habeas corpus attacking his Broome County conviction upon the grounds that Broome County Court lacked subject matter jurisdiction because the crime was committed in Pennsylvania, a tape recording made by the police was illegal once petitioner's vehicle crossed into Pennsylvania, petitioner was not advised at arraignment of his right to a preliminary hearing, petitioner received ineffective assistance of counsel and petitioner was not provided with certain *Brady* material. Supreme Court summarily denied the petition upon the ground that petitioner's claims could have been raised in his CPL 440.10 motion. Supreme Court also denied petitioner's subsequent motion to reargue. Petitioner appeals.

We affirm. As freely acknowledged by petitioner, the grounds asserted on the present application not only could have been,

but in fact were, raised in support of the CPL 440.10 motion. It is settled law that habeas corpus relief is unavailable where issues have been and/or could have been raised on a direct appeal or in a motion pursuant to CPL 440.10 (*see, People ex rel. Curry v Girdich*, 290 AD2d 912; *People ex rel. Hall v Campbell*, 290 AD2d 672; *Matter of Lebron v Herbert*, 287 AD2d 917, *lv denied* 97 NY2d 609).

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.