THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILFREDO GONZALEZ, Appellant, v JAMES J. WALSH, as Superintendent of the Sullivan Correctional Facility, Respondent. [747 NYS2d 812] —Rose, J.

In 1982, petitioner was convicted of the crime of murder in the second degree and was sentenced to 20 years to life in prison. Thereafter, his conviction was affirmed on appeal (*People v Gonzalez*, 111 AD2d 1079, *lv denied* 65 NY2d 980) and his subsequent motions pursuant to CPL 440.10 and 440.20, as well as his motion for a writ of error coram nobis, were denied. In August 2001, petitioner made the instant application for a writ of habeas corpus asserting that the initial charges against him were dismissed as unfounded and that the People violated CPL 190.75 (3) by resubmitting the charges to the grand jury without first obtaining leave of the court. Supreme Court denied the application, resulting in this appeal.

Initially, inasmuch as petitioner could have raised the instant claim upon direct appeal or in his CPL article 440 motions, his application for a writ of habeas corpus is inappropriate and was properly denied (see *People ex rel. Brown v People*, 295 AD2d 834; *People ex rel. Curry v Girdich*, 290 AD2d 912, 913, *lv denied* 98 NY2d 602). Nevertheless, were we to address the substance of petitioner's claim, we would find it to be without merit. The record reveals that two accusatory instruments with two docket numbers (2X029198 and 2X024073) were mistakenly prepared at the time of petitioner's arrest. At petitioner's arraignment, the People moved to dismiss the case filed under docket number 2X029198 due to this administrative error. The court granted this request and the case proceeded to indictment under docket number 2X024073, which ultimately resulted in a judgment of conviction. Contrary to

petitioner's claim, there is no indication that the case filed under docket number 2X029198 was dismissed based upon the grand jury's finding that the charges were unfounded.

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.