■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC GOVAN, Appellant, v FLOYD BENNETT, as Superintendent of Elmira Correctional Facility, Respondent. [758 NYS2d 701] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered May 29, 2002 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a jury trial, petitioner was convicted of kidnapping in the second degree and criminal contempt in the first degree and was sentenced, respectively, to concurrent prison terms of 10½ years and four years. He appealed arguing, inter alia, that there was insufficient evidence to support the kidnapping charge because he did not possess a deadly weapon. This Court affirmed petitioner's conviction (*People v Govan*, 268 AD2d 689 [2000], *lv denied* 94 NY2d 920 [2000]). Thereafter, petitioner made the instant application for a writ of habeas corpus. Supreme Court summarily denied the petition resulting in this appeal.

We affirm. "It is settled law that habeas corpus relief is unavailable where issues have been and/or could have been raised on a direct appeal or in a motion pursuant to CPL 440.10" (*People ex rel. Barnett v Senkowski*, 294 AD2d 686, 686 [2002] [citations omitted]; *see People ex rel. Gonzalez v Walsh*, 297 AD2d 893, 893 [2002], *lv denied* 99 NY2d 503 [2002]; *People ex rel. Brown v People*, 295 AD2d 834, 835 [2002], *lv denied* 98 NY2d 613 [2002], *cert denied sub nom. Brown v New York*, — US —, 123 S Ct 1001 [Jan. 27, 2003]). Here, petitioner challenges his conviction of kidnapping in the second degree on the same basis as he did on his direct appeal, namely, that he did not possess a deadly weapon. Moreover, the other issues asserted by petitioner in his pro se brief certainly could have been raised on his direct appeal or in a CPL article 440 motion. Accordingly, Supreme Court properly denied the petition.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.