■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFINO ASENCIO, Appellant, v WILLIAM D. BROWN, as Superintendent of Eastern Correctional Facility, Respondent. [878 NYS2d 920]—McCarthy, J. Appeal from an order of the Supreme Court (Cahill, J.), entered May 19, 2008 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1994, petitioner was convicted of murder in the second degree and arson in the third degree and was sentenced to an aggregate prison term of 25 years to life. His conviction was upheld on direct appeal (*People v Asencio*, 244 AD2d 225 [1997], *lv denied* 91 NY2d 888, 939 [1998]). He thereafter moved to vacate his conviction pursuant to CPL 440.10, which was denied (*People v Asencio*, Sup Ct, Bronx County, Dec. 17, 1998, Globerman, J.) and also filed federal and state applications seeking either a writ of habeas corpus or error coram nobis, which were also denied (*People v Ascencio*, 2006 NY Slip Op 63984[U] [2006], *lv denied* 2006 NY Slip Op 97977[U] [2006]; *People ex rel. Asencio v Greiner*, Sup Ct, Dutchess County, Aug. 2, 2002, Hillery, J.; *Asencio v Senkowski*, 2000 WL 1760908, 2000 US Dist LEXIS 17304 [SD NY 2000]). Petitioner then commenced the instant application for a writ of habeas corpus asserting that the indictment against him was void ab initio because the People had resubmitted previously dismissed charges to the grand jury without court approval, in violation of CPL 190.75 (3).* Supreme Court denied the petition without a hearing, prompting this appeal.

We affirm. As petitioner could have raised this current claim upon direct appeal or in the context of a CPL article 440 motion, his application for a writ of habeas corpus was properly denied (*see People ex rel. Gonzalez v Walsh*, 297 AD2d 893, 893 [2002], *lv denied* 99 NY2d 503 [2002]). In any event, were we to address the substance of petitioner's claim, we would find it to be without merit (*see id.* at 893-894). The evidence in support of the application (*see* n, *supra*) was patently insufficient to establish that the grand jury dismissed the charges against him on February 18, 1992 such that CPL 190.75 (3) was violated.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

---

* As evidence of this claim, petitioner submitted a piece of paper containing innocuous scribbles and handwritten notations which he surmises were written by his trial counsel and which he further surmises reflect that the grand jury voted to dismiss charges against him on February 18, 1992 but then voted to indict at a reopened proceeding.