OPINION OF THE COURT
Albert A. Rubin, J.
Several interesting questions are presented by this case. Can a driver of a vehicle be found guilty of speeding when the issuing patrolman places the wrong information on the summons? Can a driver be convicted when obviously speeding but the testifying officer positively identifies the wrong car? Can a defendant be convicted when there is no testimony about posted speed limits? Can the court take judicial notice of the village speed limit without being requested to by the prosecuting attorney? Does judicial notice encompass the posting of the speed lifnit restrictions?
Elliot Goldsmith and his wife, Sherry Goldsmith, a legal secretary, are the owners of two vehicles, one a beige 1976 Mercury Monarch and the other a 1969 blue Dodge. The 1976 Mercury bears license plate number 988YDJ and the 1969 Dodge bears license plate number ERG 41.
The testimony produced at the trial indicates that both cars are registered in the name of Elliot R. Goldsmith. He carried one half of the registration for both the Mercury *529 and the Dodge, and his wife, Sherry, carried the other half of the registration for both cars.
On May 18, 1981, Elliot R. Goldsmith was stopped by a village patrolman and charged with a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law for doing 44 miles per hour in a 30 mile zone. The testimony produced at the trial both in the form of a radar reading and the expertise of the issuing officer could clearly have sustained the charge of speeding.
However, there are some absent ingredients essential to proving a prima facie case. The People failed to ask, nor did the patrolman testify as to the posted speed limit. The record is void of any reference to the 30 mile per hour posted speed limit, if in fact it was posted.
But, by way of dicta, a far more interesting situation is presented here. That is the matter of car identification and conforming the testimony to the facts set forth in the summons received by the defendant, Elliot R. Goldsmith.
We can only indulge in conjecture as to what happened at the time the summons was issued. In response to the usual requests for license, registration, etc., Elliot R. Goldsmith produced a license and apparently a registration card for a 1976 Mercury with the license plate number 988YDJ. The patrolman issued the summons to Mr. Goldsmith for a violation of subdivision (d) of section 1180, and, in describing the vehicle, he listed the data from the registration card. Apparently no attempt was made to examine the car itself nor the license plate on the car.
Mrs. Goldsmith testified that she was driving the Mercury Monarch on the day and time in question and it was at her place of business in Mineóla at the time this summons was issued. It would appear that the evidence is clear that while the defendant was speeding, he was not driving the 1976 Mercury, but as he testified to he was driving the 1969 Dodge, which was the car in violation.
The identity of the defendant was established by the defendant’s own testimony. He testified voluntarily. He was represented by counsel. Defendant made no claim of surprise. Defendant made no claim of prejudice. We now confront the question of the testimony regarding the *530 improper car head-on. Was the handing of the improper registration by the defendant to the police officer deliberate or inadvertent? If there was a mistake it was the defendant’s mistake. At worse, it is a clerical mistake. Should the defendant be allowed to improve his position by virtue of his own conduct?
As far as the failure on the part of the prosecuting attorney to ask the patrolman what the posted speed limit was, the village-wide speed limit is 30 miles per hour and the court is permitted to take judicial notice of the village ordinances (CPLR 4511). However, there was no testimony that this speed limit was posted nor was there any testimony that the statutory requirements of section 1680 of the Vehicle and Traffic Law had been met.
As was stated in the case of People v Salzburg (47 Misc 2d 866), while the court can take judicial notice of the village ordinance it cannot take judicial notice of compliance with the ordinance.
This presents the interesting question as to whether a conviction can be sustained against a defendant who was clearly speeding in violation of section 1180 but the summons contained erroneous information in connection with the description of the vehicle he was driving. The District Attorney could have moved to amend the summons prior to the officer being sworn in. But this was not done. There is also no question about the fact that the officer testified about a 1976 Mercury. He even described it as the “lead” car of several other cars. He also identified the defendant without resorting to identification through the data on the driver’s license.
On cross-examination of the patrolman, by Mr. Goldsmith’s attorney, the following questions and answers took place.
“Q: Now when you stopped the defendant you checked his registration?
“A: Yes, and his license.
“Q: And you compared it to the vehicle?
“A: Yes.”
The incorrect information on the summons coupled with the vigorous testimony by the patrolman to the fact that he *531 checked the registration and compared it to the vehicle and described the wrong car goes directly to credibility. The failure of the prosecutor to ask the court to take judicial notice of the village ordinances, plus the absence of testimony concerning not only the speed limit, but the posting of signs concerning same is another fatal defect which will not allow a conviction.
Regrettably, this violating defendant is found not guilty after trial.