■ In the Matter of HAROLD REAPE, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—In this CPLR article 78 proceeding transferred to this court by order of Supreme Court, New York County (Edward Lehner, J.), entered October 19, 1988, the petition is unanimously granted to the extent of vacating and annulling the determination of Administrative Law Judge Victor Rothberg, rendered March 8, 1988, as affirmed August 26, 1988 by the Department of Motor Vehicles Appeals Board, which found petitioner guilty of failing to stop at a red light in violation of Vehicle and Traffic Law § 1111 (d) (1) and fined him $75 plus a mandatory $10 sur-

charge, and the petition is otherwise denied and dismissed, without costs.

Petitioner was issued a summons for failing to stop at a red light at the intersection of West Street and Little West 12th Street in Manhattan. The summons cited his vehicle as license plate No. KEV 193, and described the car as a red Chevrolet sedan.

The hearing before the Administrative Law Judge was notably brief. At the hearing, the police officer who issued the summons was the sole witness for the People. This officer was on duty at a traffic enforcement post at this intersection for over three hours. He testified that he first observed the petitioner's vehicle 5½ car lengths before the marked crosswalk. At that time the signal was red, and remained red while petitioner continued driving forward and entered the crosswalk. The officer stopped petitioner, who allegedly stated to him that "he didn't see the light" and that "he just followed the traffic in front of him".

Petitioner called two witnesses, the driver of a car that was behind him who testified that the light was green at the time that both he and petitioner drove through the intersection, and the driver of the car directly in front of him who said that he could not see the traffic light because a truck blocked his view. However, this witness stated the traffic was flowing freely, and both Mr. Reape and this witness drove through the intersection.

Petitioner himself testified and also stated that he was driving a friend's blue and white Cadillac, license No. KEV 193, and that the light was green when he entered the intersection. Most significantly, he produced the registration for the vehicle license plate, No. KEV 193, which is a blue and white Cadillac. Petitioner then argued that the police officer must have been in error in issuing petitioner the summons for driving a red Chevrolet through a red light, when the registration established that petitioner was driving a blue and white Cadillac.

At the close of this remarkably brief hearing, the Administrative Law Judge orally ruled that the charge had been sustained and that he found petitioner guilty, without stating any reasons for his ruling.

Upon petitioner's administrative appeal, the respondent's Appeals Board attempted to explain the discrepancy between the color and make of the vehicle described in the summons and that described in the registration. The Appeals Board in

its decision described this discrepancy as a "question of credibility within the province of the Administrative Law Judge" and speculated, without any foundation in the record, as to reasons why the discrepancy existed (such as the possibility of switched plates), in order to sustain the factual finding of the Administrative Law Judge.

In this transferred article 78 proceeding, the function of this court is to determine whether the administrative decision is, on the entire record, supported by substantial evidence (CPLR 7803 [4]). The respondent argues simplistically that since the issues in this case are limited to a question of the credibility of the witnesses at the hearing, the scope of the court's review is limited and the Hearing Officer's findings in that regard must be accorded great weight. However, "[a] court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency * * *. In final analysis, substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and *persuade a fair and detached fact finder* that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically * * *. Put a bit differently, 'the reviewing court should review the whole record to determine whether there is a rational basis in it for the findings of fact supporting the agency's decision' ". *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182 [emphasis added].)

Based on this standard of review, the administrative determination in issue cannot stand. In light of the uncontroverted evidence that petitioner's vehicle, bearing license plate No. KEV 193, was a blue and white Cadillac, and that the summons issued by the police officer for passing through a red light described the offending vehicle as a red Chevrolet, it cannot be said that a fair and detached fact finder can probatively and logically be persuaded from this record that it was petitioner's automobile that was driven through a red light.

Although respondent attempts to cast the issue as a mere question of credibility of the witnesses, this is not a case in which a choice is merely to be made between two conflicting versions of the facts as related in oral testimony, in which instance the issue is best resolved by the trier of facts who can observe the demeanor and conduct of those witnesses, and to which determination the reviewing court should generally

defer. Instead, here the issue as to whether petitioner was operating the vehicle that is alleged to have passed through a red light involves uncontradicted documentary proof, by way of the official registration for the vehicle bearing license plate No. KEV 193, which conclusively established that the vehicle bearing such plate number was a blue and white Cadillac. The summons issued by the police officer unqualifiedly described the vehicle exhibiting that plate number as a red Chevrolet. To accept the conjectural speculations offered by respondent as to why the blue and white Cadillac was, in fact, a red Chevrolet in the face of the contrary documentary evidence would be to ignore reality. While the judicial review function with respect to administrative determinations is an extremely limited one, that limitation has not yet reached the point where the court is required to abandon all reason and common sense and experience in order to uphold a patently erroneous determination which refuses to acknowledge that even a police officer can on occasion err in identifying which particular vehicle committed a traffic infraction at a busy urban intersection.

On this record, we find that there is a paucity of proof to support the finding of fact of the administrative agency in light of the documentary evidence in petitioner's behalf, and there is no rational basis upon which to conclude that the petitioner's guilt is supported by substantial evidence. (See, Matter of Thomas v Codd, 51 AD2d 418, 420.) Accordingly, that determination must be annulled.

Petitioner also asserts a claim for money damages in the amount of $2,000,000, claiming that his civil rights were violated and that he was denied equal protection of the law in this proceeding. A claim for money damages in an article 78 petition must be incidental to the primary relief sought. (CPLR 7806.) Since petitioner's civil rights claim for money damages is not incidental to the question of whether his guilt of the traffic violation was supported by substantial evidence, it may not be sustained in this proceeding (see, Matter of Leisner v Bahou, 97 AD2d 860) and is, accordingly, denied and dismissed. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Ellerin, JJ.