OPINION OF THE COURT
Stephen R. Taub, J.
Defendant has moved for dismissal of the simplified traffic information pursuant to CPLR 3211 on the grounds that "it fails to state a claim against Defendant upon which relief can be granted.” It will be treated as a motion to dismiss a simplified information pursuant to CPL 170.30 and 170.35. *727 The Village Prosecutor has cross-moved, pursuant to CPL 170.35 (1) (a) for permission of the court to amend the simplified traffic information.
It is undisputed that the simplified traffic information contains inaccurate information in that the license plate number therein set forth as C331FG should be C331FJ. The issue before the court is whether the defect renders the accusatory instrument fatally and unamendably defective or whether the defect or irregularity may be cured by amendment, and the prosecutor has so moved as required by CPL 170.35 (1) (a).
Unfortunately there is no case decision providing a "bright line” delineation between a fatal defect and a mere irregularity. The best one finds are case-by-case determinations, often involving unique facts.
The authorities relied upon by the defendant, particularly Matter of Reape v Adduci (151 AD2d 290 [1st Dept 1989]) and People v Goldsmith (110 Misc 2d 528 [Nassau County 1981]), both deal with posttrial applications. In Reape (supra) the officer testified that the defendant was operating a red Chevrolet sedan which allegedly failed to stop for a red light. The uncontradicted testimony of the defendant was that he was operating a friend’s blue and white Cadillac. In Goldsmith (supra) the defendant was charged with speeding while operating a 1976 beige Mercury Monarch, license plate 988 YDJ when, in fact, he was operating a 1969 blue Dodge, license plate ERG41, both vehicles being owned by the defendant and/or his wife. In each of the foregoing cases, the prosecutions were terminated, not because of any defect in the accusatory instrument but, rather, because the trier of fact found a reasonable doubt in the testimony, resulting in an acquittal. The Court in Reape (supra) did not address the sufficiency of the accusatory instrument at all. However, in Goldsmith (supra) the court specifically stated (at 530): "This presents the interesting question as to whether a conviction can be sustained against a defendant who was clearly speeding in violation of section 1180 but the summons contained erroneous information in connection with the description of the vehicle he was driving. The District Attorney could have moved to amend the summons prior to the officer being sworn in. ” (Emphasis added.)
Accordingly, this authority cited by the defendant indicates that had the prosecutor moved to amend the summons prior to trial, a different result might have been achieved, and it *728 appears that such dicta is more relevant to the case at bar than the decision.
In the matter before this court, it is apparent that the police officer made a “typographical” error when copying the defendant’s plate number onto the summons, which error was compounded when a supporting deposition was prepared pursuant to defendant’s demand for same. Had the instant motion not been made pretrial, and the police officer testified consistently with his prior documents, the trier of fact would have to determine whether such inconsistency arose to the level of reasonable doubt. Of course if the police officer’s testimony were different as to the plate number, then the inconsistency between the testimony and documents would be a proper subject for cross-examination and argument. But since the motion and the cross motion to amend have been made before trial, and I find the challenged defect to be an amendable irregularity, the cross motion must be granted, particularly since it is difficult to conceive how the defendant has been, or will be, prejudiced by the error or its correction. The Second Department has held that where the facts alleged in an information are sufficient to sustain the offense charged, and the information is good on its face, it should not be dismissed on the grounds that a prima facie case could not be proven against the defendant (People v Pietra, 6 AD2d 1056 [1958]).
In view of the foregoing, the motion to dismiss is denied in all respects. The cross motion is granted to the limited extent of permitting simplified traffic information TT 822558-2 to be amended to set forth the accurate license plate number. Any prejudice allegedly caused by this amendment can be raised by the defendant at the time of trial and any reasonable adjournment required as a result of the action taken by the court at this time will be given due consideration.