■ In the Matter of SARAH GARNETT, on Behalf of TANYA LU-CAS, Appellant, v THOMAS SOBOL, as Commissioner of Education, Respondent. [634 NYS2d 882] —Peters, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered July 21, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which, *inter alia*, denied petitioner's request for an investigation into the educational placement of her daughter.

Tanya Lucas, a student in the City of Buffalo School District (hereinafter the District), attended Public School 57 during the 1989-1990 school year as a third grade student. Lucas was transferred to Public School 40 for fourth grade and, prior to the start of the 1991-1992 school year where she would be entering the fifth grade, was again scheduled for transfer to the Campus West School, a magnet school which houses a special education program in addition to the magnet program.

Petitioner, Lucas' mother, thereafter sought relief pursuant to Education Law § 310. She alleged various errors on Lucas' permanent cumulative record and sought an investigation of school officials based upon her belief that Lucas' records had been tampered with and that Lucas had been unnecessarily placed in special education classes while at Public School 40. Petitioner further requested a stay of Lucas' assignment to the Campus West School. The District thereafter offered to permit Lucas to attend the Build Academy, also a magnet school, which was agreeable to petitioner. Thus, respondent denied petitioner's request for a stay and the District thereafter served its answer.

By decision dated August 5, 1992, respondent dismissed as moot all claims regarding placement in the Campus West School and found no evidence of tampering, no grounds for an investigation and no support for petitioner's claims that Lucas had been improperly assigned or placed in a special education program. Respondent did, however, partially grant the relief requested by ordering the District to correct certain grades on Lucas' permanent record to conform to the higher grades indicated on her final report card.

In November 1992, petitioner commenced this CPLR article 78 proceeding seeking a review of respondent's determination and extensive monetary relief for alleged civil and constitutional violations. Supreme Court dismissed that portion of the petition which sought a substantial monetary recovery for alleged civil and constitutional violations. Following the service of respondent's answer, Supreme Court found that respondent's

determination had a rational basis and dismissed the remainder of the petition. This appeal ensued.

Addressing first Supreme Court's dismissal of those claims seeking a substantial monetary recovery for alleged civil and constitutional violations, we find no error since such claims were not alleged to be incidental to the primary relief sought (*see*, CPLR 7806; *see also*, *Murphy v Capone*, 191 AD2d 683; *Matter of Reape v Adduci*, 151 AD2d 290; *cf.*, *Matter of Gross v Perales*, 72 NY2d 231).

We further find Supreme Court to have properly determined that any issue involving Lucas' placement for the 1991-1992 school year was rendered moot by petitioner's acceptance of the District's offer to place Lucas in the Build Academy. In addition, we find no error in respondent's determination ordering a correction of Lucas' permanent record to reflect the higher grades listed on the final report card and can discern no other discrepancy or error that should have been corrected.

As to petitioner's contention that respondent arbitrarily refused to order the District to correct Lucas' standardized test scores based upon her allegations regarding the "proper" standardized test calculation methods, we find no merit since not only had petitioner failed to properly allege her entitlement to the relief sought (*see*, 8 NYCRR 275.10), but also failed to proffer any proof supporting her calculation method. Similarly unavailing are petitioner's contentions that respondent lacked a rational basis to conclude that Lucas had not been placed in special education classes while at Public School 40 and that no investigation concerning purported tampering with Lucas' school records was warranted.

We have considered petitioner's other contentions and find them to be without merit. Accordingly, the judgment of Supreme Court is affirmed.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.