■ In the Matter of MILON ENZIAN, Petitioner, v BRIAN J. WING, as Acting Commissioner of New York State Department of Social Services, et al., Respondents. [670 NYS2d 283] —Determination unanimously annulled on the law without costs, petition granted and matter remitted to respondent Stephen P. Lyman, Commissioner, Jefferson County Department of Social Services, for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 and CPLR 3001 challenging the number of hours he was required to work to earn his public assistance grant. As a recipient of Home Relief benefits, petitioner was required to participate in the Work Experience Program (WEP) (*see,* 18 NYCRR 385.2 [g]; 385.13). In January 1996 Jefferson County Department of Social Services (DSS) assigned petitioner to a position at the Jefferson County Clerk's Office (Clerk's Office). In November 1996 petitioner sought a fair

hearing on the ground that DSS had not determined the wage rate paid "to regular employees for comparable work" to the work performed by him (see, 18 NYCRR 385.13 [g] [2]). DSS issued documentation confirming that petitioner was working as a clerical aide entitled only to minimum wage and that, based upon the amount of his monthly grant, he was required to work 44 hours per month. At his fair hearing, petitioner testified that, although his initial job duties had consisted of data entry, the Clerk's Office discovered that he had knowledge of software and programming and directed him to design data base systems and other software tools. Following the fair hearing, respondent Brian J. Wing, Acting Commissioner of New York State Department of Social Services, confirmed the determination of respondent Stephen P. Lyman, Commissioner of Jefferson County Department of Social Services, that petitioner should receive payment credits for his work only at the rate of minimum wage and not at a rate comparable to that of microcomputer technician and/or computer programmer.

We conclude that the determination of respondent Wing is not supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182; Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Reape v Adduci, 151 AD2d 290, 292-293). DSS may not circumvent its regulatory obligation to calculate the wages paid to regular employees for comparable work by placing petitioner in a job title that does not exist in the regular work force (see, Brukhman v Giuliani, 174 Misc 2d 26, 37). Contrary to respondent Wing's determination, petitioner established at the fair hearing that he is not performing the job of a clerical aide, and DSS failed to controvert that showing. We reject the determination of respondent Lyman, confirmed by respondent Wing, that petitioner performed any higher level programming as a volunteer. Petitioner was required to perform a WEP assignment as a condition of his Home Relief grant, and respondents may not evade the comparable pay requirement in the regulations by arbitrarily designating any highly skilled work by petitioner as "volunteer" work (cf., Brukhman v Giuliani, supra, at 34). We therefore annul the determination, grant the petition and remit the matter to respondent Lyman to calculate, pursuant to applicable regulations, the wage rate paid to regular employees for work comparable to that performed by petitioner. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.