■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MASSARO, Appellant. [777 NYS2d 651]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered August 7, 2000, convicting him of criminal contempt in the first degree and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly allowed a pretrial amendment to the indictment to remedy a clerical error. The amendment did not change the theory of the prosecution, and was consistent with the evidence presented to the grand jury (*see People v Grega,* 72 NY2d 489, 499 [1988]; *People v Teribury,* 229 AD2d 829 [1996]; *People v DeSanto,* 217 AD2d 636 [1995]; *People v Sage,* 204 AD2d 746 [1994]; *People v Johnson,* 163 AD2d 613 [1990]; *People v Petterson,* 103 AD2d 811 [1984]; *People v Murray,* 92 AD2d 617 [1983]; *People v Heaton,* 59 AD2d 704 [1977]). In addition, the defendant has not shown that he was prejudiced in any way by the amendment (*see People v Sage, supra; People v Hood,* 194 AD2d 556 [1993]; *People v Johnson, supra*).

The defendant's contention that the evidence was legally insufficient to sustain his conviction is partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally

sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.