■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JORDAN, Also Known as HIGH, Appellant. [823 NYS2d 599]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 16, 2004 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and false personation.

As the result of an investigation into heroin trafficking in the City of Albany, and following two separate controlled buys, members of the Albany County Sheriff's department executed a search warrant at apartment A, 288 Second Avenue. In the apartment, the police arrested defendant's two accomplices and then arrested defendant, who identified himself as "James

Smith." From the bedroom in which defendant was arrested, the police seized 21 bags of heroin, a handgun, ammunition, hospital records for an individual named "James Smith" and purchase records for a cell phone that defendant was using at the time of his arrest. Following a jury trial, defendant was found guilty of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and false personation. Subsequently, he was sentenced as a second felony offender and now appeals.

We affirm. Initially, defendant challenges the legal sufficiency of the evidence underlying his convictions for criminal possession of a controlled substance and criminal possession of a weapon because he contends that the testimony of his two accomplices was uncorroborated. We disagree. Both accomplices testified at trial that each of the controlled buys was arranged by telephone with defendant, and both identified defendant's voice on the recordings of the telephone calls arranging the controlled buys and stated that defendant alone had access to the drugs and handgun in question. Our review of the record reveals sufficient corroborative evidence to support the conviction (see CPL 60.22 [1]). In particular, the corroboration element is satisfied by evidence that the cell phone number used by the confidential informant to arrange the buys was the number of the cell phone that defendant was using at the time of his arrest, the drugs and handgun were in close proximity to the bed that defendant was lying on at the time of his arrest and the door to defendant's bedroom was secured by a lock for which only defendant possessed a key. Further, the totality of the People's evidence viewed in the light most favorable to them establishes each element of the crimes charged and provides an appropriate basis upon which the jury could reasonably conclude that defendant was guilty (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Howard, 20 AD3d 768, 769 [2005], lv denied 5 NY3d 806 [2005]).

Additionally, we reject defendant's contention that the verdict was against the weight of the evidence since there were no fingerprints linking him directly to the drugs, the drug container or the handgun. Although the lack of fingerprints may support a different verdict, after weighing all of the trial evidence in a neutral light and giving due deference to the credibility determinations made by the jury, we conclude that defendant's claim is unpersuasive (see People v Bleakley, supra at 495; People v Thomas, 21 AD3d 643, 645 [2005], lv denied 6 NY3d 759 [2005]; People v Hawes, 298 AD2d 706, 708-709 [2002], lv denied 99 NY2d 582 [2003]).

Next, we address the errors that defendant assigns to various rulings made by Supreme Court which he claims warrant reversal. In the course of the proceedings, Supreme Court authorized the amendment of the sixth count of the indictment charging defendant with criminal possession of a weapon in the third degree by upgrading its designation from a class A misdemeanor to a class D felony. Since this error was clearly typographical, the correct charge was supported by the evidence before the grand jury and there was no change in the theory of the People's prosecution, this amendment was properly granted (see CPL 200.70 [1]; *People v Grega*, 72 NY2d 489, 499 [1988]; *People v Massaro*, 8 AD3d 408, 408 [2004], *lv denied* 3 NY3d 678 [2004]). Nor do we find error with respect to the admission of the box of ammunition seized pursuant to the search warrant in defendant's bedroom. This evidence is relevant to and probative of defendant's constructive possession of the handgun (see *People v Vasquez*, 214 AD2d 93, 104 [1995], *lv denied* 88 NY2d 943 [1996]).

Next, there is no merit to defendant's present contention that the prosecution failed to disclose the seizure of the cell phone. In response to defendant's discovery demand, defendant was provided with a copy of the search receipt which specifically notes that three cell phones were seized. Since defendant's arrest occurred during the execution of the search warrant, it is disingenuous for defendant to now claim that he was not advised that a cell phone was seized at the time of his arrest.

We next reject defendant's arguments that the probative value of evidence of the first of the controlled drug buys was outweighed by the prejudicial effect of such evidence. As this drug sale occurred only six days prior to defendant's ultimate arrest, there is no merit to this argument (see *People v Dennis*, 210 AD2d 803, 805 [1994], *lv denied* 85 NY2d 937 [1995]). Moreover, Supreme Court gave appropriate limiting instructions to the jury that such evidence was to be used only with respect to defendant's intention to sell and knowingly possess heroin (see *People v Muir*, 3 AD3d 597, 598 [2004], *lv denied* 1 NY3d 631 [2004]).

Further, we reject defendant's claim that he was denied a fair trial because of an isolated remark by the prosecutor, in summation, which implied that defendant carried a burden of proof with respect to claims made during defense counsel's opening statement. Although error, the isolated comment did not deprive defendant of due process, so reversal is not warranted (see *People v Kirker*, 21 AD3d 588, 589 [2005], *lv denied* 5 NY3d 853 [2005]). Again, Supreme Court promptly gave the jury a cura-

tive instruction that defendant bore no burden of proof, thus alleviating any potential prejudice flowing from the prosecutor's statement (*see People v Warren*, 27 AD3d 496, 498 [2006], *lv denied* 7 NY3d 796 [2006]).

Lastly, defendant's claim that the jury failed to engage in any meaningful deliberation is wholly belied by the record. Although the ultimate verdict was rendered within minutes of Supreme Court's refusal to reread defendant's opening statement, we note that the jury deliberated approximately eight hours over a two-day span. Moreover, defendant makes no argument that the jury was improperly influenced (*see People v Brown*, 48 NY2d 388, 393 [1979]) and the verdict may not be impeached when only the tenor of the deliberations is questioned (*see People v Anderson*, 249 AD2d 405, 405 [1998], *lv denied* 92 NY2d 877 [1998]; *People v Smalls*, 112 AD2d 173, 175 [1985]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.