OPINION OF THE COURT
Memorandum.
On the court’s own motion, the appeals are consolidated for purposes of disposition.
Judgment of conviction reversed, on the law, and a new trial ordered.
Order reversed without costs and designation vacated.
The information charged defendant with forcible touching (Penal Law § 130.52 [2]). The accusatory portion thereof provided in pertinent part as follows:
“§ 130.52 FORCIBLE TOUCHING
“A PERSON IS GUILTY OF FORCIBLE TOUCHING WHEN SUCH PERSON INTENTIONALLY, AND FOR NO LEGITIMATE PURPOSE, FORCIBLY TOUCHES THE SEXUAL OR OTHER INTIMATE PARTS OF ANOTHER PERSON:
“2. FOR THE PURPOSE OF GRATIFYING THE ACTOR’S SEXUAL DESIRE. FOR THE PURPOSES OF THIS SECTION, FORCIBLE TOUCHING INCLUDES THE SQUEEZING, GRABBING OR PINCHING OF SUCH OTHER PERSON’S SEXUAL OR OTHER INTIMATE PARTS.”
Prior to trial, defense counsel moved to dismiss the information on the ground that while Penal Law § 130.52 does not contain any subdivisions, the accusatory portion of the information *69 purports to charge defendant with a violation of subdivision (2) of said section. The District Court denied the motion to dismiss and permitted the People to amend the information to correct the error. During the trial, defense counsel sought to have the jury instruction limited to reflect the charge as set forth in the information, which accused defendant of forcibly touching another individual for the purpose of gratifying his sexual desire. The court denied defendant’s application. The court’s charge tracked the language of Penal Law § 130.52, in that the jury was instructed that it could convict defendant if it found that defendant touched the sexual or other intimate parts of the victim without her consent for the purpose of gratifying his sexual desire or for the purpose of degrading or abusing the victim. The jury found defendant guilty, and defendant was sentenced to one year in the Nassau County Correctional Center. Prior to defendant’s release from the correctional center, a hearing pursuant to Correction Law article 6-C was held and defendant was designated a level three sex offender.
On appeal, defendant contends that the District Court erred in denying his motion to dismiss the information and in allowing the People to amend the information to reflect that Penal Law § 130.52 does not contain a subdivision. Contrary to defendant’s contention, an information can be amended to correct a clerical error (see People v Massaro, 8 AD3d 408 [2004]) or a typographical error (see People v Kurtz, 175 Misc 2d 980 [1998]). We note that the amendment did not change the theory of the case and did not surprise or prejudice defendant (see People v Easton, 307 NY 336, 338 [1954]).
Defendant contends that the District Court’s charge was improper since it went beyond the scope of the information and instructed the jury that defendant could be found guilty of forcible touching if he touched the sexual or other intimate parts of the victim without her consent either for the purpose of gratifying his sexual desire or for the purpose of degrading or abusing the victim.
We find that the People limited the theory of the case (see People v Wilfong, 146 Misc 2d 577 [App Term, 1st Dept 1990]), choosing to proceed on a narrower theory of prosecution than permitted by Penal Law § 130.52, to wit, charging in the information that defendant forcibly touched the victim for the purpose of “gratifying [his] sexual desire,” rather than including therein the alternative purpose of “degrading or abusing” the victim. The People were, thus, bound by that theory (see People v Grega, 72 NY2d 489 [1988]). As there was a variance *70 between the theory with which the jury was charged and the theory set forth in the information, defendant was denied fair notice of the charge (see People v Gachelin, 237 AD2d 300, 301 [1997]). Accordingly, the judgment convicting defendant of forcible touching is reversed and the matter is remitted to the District Court for a new trial. In view of the foregoing disposition, the order dated November 22, 2006, which, after a hearing pursuant to Correction Law article 6-C, designated defendant a level three sex offender, is reversed and the designation vacated.
We note that the testimony at the Wade hearing provided prima facie evidence that the identification procedure employed was reasonable (see People v Chipp, 75 NY2d 327, 335 [1990]). Defendant failed to demonstrate that the procedure was infected by impropriety or undue suggestiveness (Chipp, 75 NY2d at 336; People v Powell, 26 AD3d 795 [2006]; People v Martinez, 298 AD2d 897 [2002]). Consequently, the District Court properly denied defendant’s motion to suppress said evidence.
In view of the foregoing, we need not reach defendant’s remaining contentions relating to the trial.
Rudolph, EJ., Scheinkman and LaCava, JJ., concur.