The People of the State of New York, Respondent,
against
Janette Sperandeo, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered November 6, 2014. The judgment convicted defendant, after a nonjury trial, of failing to stop at a stop sign.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in a simplified traffic information, with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). The accusatory instrument misidentified the street number of defendant's residence. Defendant thereafter requested a supporting deposition, which was never produced. After the commencement of a nonjury trial, the District Court denied defendant's oral motion to dismiss the accusatory instrument on those grounds. At the conclusion of the trial, following the testimonies of the complainant police officer and defendant, the court convicted defendant of the offense, according to the transcript, "by a fair preponderance of the evidence." Upon settling the record for this appeal, the court noted that the transcript contained a misstatement in that the stenographer had erroneously substituted that standard for "beyond a reasonable doubt." On appeal, defendant, who asserts her innocence, argues that the address error and the failure to produce the supporting deposition rendered the accusatory facially insufficient and, thus, the court erred in denying her motion to dismiss, and that the court convicted her on an erroneous legal standard for evidentiary sufficiency.
The failure to produce a timely requested supporting deposition renders a simplified traffic information insufficient on its face (CPL 100.40 [2]) and subject to dismissal upon motion (see CPL 170.30 [1] [a]; 170.35 [1] [a]; e.g. People v Nuccio, 78 NY2d 102, 104 [1991]; People v Hollinger, 15 Misc 3d 130[A], 2007 NY Slip Op 50622[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). However, defendant's remedy was a timely pretrial written motion to dismiss, with notice to the People (CPL 170.30 [1] [a]; 170.35 [1] [a]; 170.45, 210.45 [1]; 255.20 [1]; People v Alese, 45 Misc 3d 135[A], 2014 NY Slip Op 51733[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). As a simplified traffic information, if otherwise "comply[ing] with the requirements of the Commissioner of Motor Vehicles" (People v Key, 45 NY2d 111, 115 [1978]; see CPL 100.25 [1]), is a triable accusatory instrument (People v Key, 45 NY2d at 116-117), the failure to timely move to dismiss on this ground waives the claim (see e.g. People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Turnbull, 2003 NY Slip Op 51183[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; People v Fattizzi, 98 Misc 2d 288, 289 [App Term, 2d Dept, 9th & [*2]10th Jud Dists 1978]). Thus, by delaying her oral motion to dismiss until after trial had commenced, defendant waived her claim based on the People's failure to produce a supporting deposition (see CPL 170.45, 210.45 [1]; 255.20 [1]; People v Long, 44 Misc 3d 126[A], 2014 NY Slip Op 50949[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
The misstatement of defendant's address on the simplified traffic information is a de minimis defect. A simplified traffic information, "a streamlined instrument designed for the expeditious processing of traffic infractions . . . is a short, written accusation, signed by a police officer and filed with a criminal court" (People v Fernandez, 20 NY3d 44, 47-48 [2012]), and, because "[e]videntiary facts are not required" (id., at 48), the instrument "need not provide on its face reasonable cause to believe defendant committed the offense charged" (People v Key, 45 NY2d at 115-116). It is sufficient if it "substantially complies with the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2] . . .)" and "designates the offense[,] and contains information establishing the court's jurisdiction" (People v Bize, 30 Misc 3d 68, 70 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; see also CPL 100.10 [2] [a]; Vehicle and Traffic Law § 207; Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 91; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Consequently, the error did not render the simplified traffic information facially insufficient.
In any event, a simplified information may be amended "where the defect or irregularity is of a kind that may be cured by amendment" (CPL 170.35 [1] [a]), which contemplates matters of "time, place, and names" (People v Kurtz, 175 Misc 2d 980, 986 [Crim Ct, Queens County 1998]; see generally CPL 200.70 [1] [permitting amendments of indictments as to "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like"]). Whether the error in the simplified traffic information at issue herein is considered clerical (see People v Massaro, 8 AD3d 408, 408 [2004]; People v Martin, 23 Misc 3d 67, 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]) or typographical (see People v Kreismann, 162 Misc 2d 726, 727 [Village of Kensington Justice Court 1994]), the court properly permitted the amendment of defendant's address because it "did not change the theory of the case and did not surprise or prejudice defendant" (People v Martin, 23 Misc 3d at 69; see e.g. People v Kwas, 43 Misc 3d 140[A], 2014 NY Slip Op 50811[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [incorrect model year of defendant's vehicle on a simplified traffic information represented a nonjurisdictional defect]).
As for the trial evidence, defendant failed to preserve a legal insufficiency claim for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 20 [1995]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). As defendant gave a different account of the events from that proffered by the complaining police officer, the issue presented is primarily one of credibility (see People v Antoine, 49 Misc 3d 138[A], 2015 NY Slip Op 51565[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Yeroushalmi, 47 Misc 3d 154[A], 2015 NY Slip Op 50821[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Upon a review of the record, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). 
Finally, we find no grounds to reject the court's correction of the transcript to reflect that it had employed the appropriate standard of proof upon its review of the evidence, to wit, beyond a reasonable doubt.
Accordingly, the judgment of conviction is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur. 
Decision Date: June 23, 2016