The People of the State of New York, Respondent, 
against
Shanzeb Husain, Appellant.




Appellate Advocates (John B. Latella, Esq.), for appellant.
District Attorney Queens County (John M. Castellano, Johnnette Traill, William H. Branigan, Anish M. Patel of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered February 20, 2015. The judgment convicted defendant, upon his plea of guilty, of standing or parking a vehicle in front of a public or private driveway.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in a factually sufficient accusatory instrument, with standing or parking a vehicle in front of a public or private driveway in violation of Vehicle and Traffic Law § 1202 "2D." The Criminal Court (Michelle A. Armstrong, J.) granted the People's application to amend the accusatory instrument to recite the correct subsection, "(a) (2) (a)," but with an erroneous title of "double parking." At the plea and sentencing proceeding, the prosecutor stated that, pursuant to a negotiated plea and sentencing agreement, defendant would plead guilty to violating Vehicle and Traffic Law § 1202 (a) (2) (a), which defense counsel, apparently adopting the instrument's misnomer, described as "double parking." Defendant pleaded guilty to that offense, without a factual recitation, which, under the circumstances, was unnecessary (see People v Pickett, 128 AD3d 1275, 1276 [2015]; People v Mayo, 77 AD3d 683, 684 [2010]). Defendant now contends that the People could not amend an accusatory instrument to add a new offense not factually supported therein, and that, in any event, he could not plead guilty to an uncharged offense that he never committed.
"It has been held that where an information charges a violation of the wrong section of a statute, this may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation, and if the acts charged are clearly referable to the offense of which the defendant has been convicted. . . . All that is necessary is that the information shall state the crime charged with such accuracy that the defendant may know the [*2]offense which it is claimed he has committed" (People v Love, 306 NY 18, 23 [1953]). Further, as a general rule, "misnomers" in designating the offense charged are not jurisdictional and may be corrected by amendment (see e.g. People v Bishop, 115 AD3d 1243, 1244 [2014]; People v Rodriguez, 97 AD3d 246, 248-249 [2012]). Here, the accusatory instrument's allegation that defendant violated Vehicle and Traffic Law § 1202 "(2D)," was a typographical error, as the statute is divided by subdivisions (a), (b), and (c). Subsection (a) (2) (d) could not have been meant, as that subsection addresses parking infractions near driveway entrances to fire stations. As the Criminal Court properly concluded, the facts in the accusatory instrument (reviewed under the standards applicable to complaints by virtue of defendant's waiver of prosecution by information) sufficed to allege a violation of Vehicle and Traffic Law § 1202 (a) (2) (a). Thus, the accusatory instrument was properly amended by the Criminal Court to state that defendant was charged with violating section "1202 (a) (2) (a)," the appropriate charge given the facts alleged, but with the erroneous title of "double parking." The substitution of the correct subsection of Vehicle and Traffic Law § 1202 neither changed the theory of the case nor surprised or prejudiced defendant (see People v Massaro, 8 AD3d 408, 408 [2004]; People v Matos, 32 Misc 3d 136[A], 2011 NY Slip Op 51472[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Iqbal, 31 Misc 3d 94, 97 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see also CPL 100.45 [3]; People v Rowe, 105 AD3d 1088, 1089 [2013]; People v Jordan, 34 AD3d 927, 930 [2006]; People v Martin, 23 Misc 3d 67, 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). 
In any event, an accusatory instrument may properly be amended to allege an offense not initially charged which is supported by the facts (see CPL 170.35 [1] [a]), and the amendment herein did not otherwise involve a change forbidden by statute (see CPL 200.70 [2]; People v Baker, 123 AD3d 1378, 1379 [2014]), or an alteration or addition to the factual allegations necessary to support the charge of Vehicle and Traffic Law § 1202 (a) (2) (a) (see CPL 200.70 [1]; People v Sperandeo, 52 Misc 3d 135[A], 2016 NY Slip Op 51032[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Further, by virtue of a guilty plea, a defendant forfeits any error of nonjurisdictional significance, as is the case here with the misidentification of the offense among the many offenses that are particularized in Vehicle and Traffic Law § 1202 (see e.g. People v Torres, 117 AD3d 1497, 1498 [2001]; People v Martinez, 52 AD3d 68, 71 [2008]; People v Weisz, 36 Misc 3d 132[A], 2012 NY Slip Op 51301[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Insofar as defendant argues that he was misled into pleading guilty to double parking, an uncharged offense that he never committed, we note that defendant did not move to vacate his guilty plea on that ground (see People v Cordoba, 80 AD3d 461 [2011]). Finally, there is no bar to a plea to an uncharged offense (see e.g. People v Foster, 19 NY2d 150, 154 [1967]; People v Chan, 36 Misc 3d 44, 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017