People v Adames (2025 NY Slip Op 25075)

[*1]

People v Adames (Maximo)

2025 NY Slip Op 25075

Decided on March 28, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 28, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570749/19

The People of the State of New York, Respondent,

against

Maximo Adames, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered November 25, 2019, after a jury trial, convicting him of driving while intoxicated per se (see Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]), and imposing sentence.

Per Curiam.

Judgment of conviction (Heidi C. Cesare, J.), rendered November 25, 2019, reversed, on the law, and the matter remanded for a new trial.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The police had an objective, credible reason for approaching defendant's vehicle, which was parked in a "no-parking" area at approximately 2:10 a.m., with its motor running and headlights on (see People v Ocasio, 85 NY2d 982, 985 [1994]; People v Sankara, 157 AD3d 495-496, 495 [2018], lv denied 31 NY3d 1086 [2018]; People v Ruiz, 100 AD3d 451 [2012], lv denied 20 NY3d 1065 [2013]). When the officers approached, they observed defendant asleep, slumped over behind the steering wheel. In an effort to wake him, an officer shined his flashlight into the vehicle. Defendant revved the car's engine while being "woken up" and, when he rolled down his window, an officer observed defendant's bloodshot, watery eyes, flushed face and slurred speech. Defendant also admitted he had been drinking liquor and that he was drunk. These observations provided the police with reasonable suspicion that defendant was driving while intoxicated, thus permitting them to ask further questions to gain "explanatory information" (see People v DeBour, 40 NY2d 210, 223 [1976]).

Contrary to defendant's unpreserved contention, the police officer's question about whether he had been drinking was investigatory in nature and not custodial. The additional indicia of intoxication exhibited by defendant, including "reek[ing] heavily of alcohol" as he exited the vehicle, and stumbling and struggling to remain on his feet, provided probable cause for his arrest (see People v Johnson, 140 AD3d 978, 979 [2016], lv denied 28 NY3d 931 [2016]).

We agree with defendant, however, that the variance between the accusatory instrument, [*2]the proof at trial, and the supplemental jury charge deprived him of fair notice of the charges upon which he was to be tried. The information and bill of particulars indicated that the incident occurred at about 2:10 a.m.; and throughout the trial, the prosecution's theory was that defendant operated the motor vehicle, while intoxicated, at about 2:10 a.m. However, in response to a jury note asking "at what point in time [is] intent measured" and "what is the definition of operating a vehicle," the court, provided an overly broad instruction, despite defense counsel's timely and repeated objections. Specifically, the court, after noting that the offenses were alleged to have "occurred on or about March 23, 2019, at or before 2:10 a.m. approximately," added that

"the precise time is for you to decide, based upon all the evidence in the case. The purpose of placing the vehicle in motion must have occurred at any time on or about March 23, 2019, so long as the purpose occurred at the same time as the defendant was sitting behind the wheel of a motor vehicle, and the engine [] was running" (emphasis added).

This supplemental charge, given after the close of proof and presentation of summations, allowed the jury to convict defendant of either count on a theory that was at variance with the limited time frame as set forth in the accusatory instrument, without either requiring proof of the expanded time frame by the People or permitting challenge by the defense. This deprived defendant of fair notice of the charge upon which he was to be tried (see People v Spann, 56 NY2d 469, 472 [1982]; People v Gachelin, 237 AD2d 300, 301 [1997]; People v Martin, 23 Misc 3d 67, 69-70 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), and was prejudicial (see People v Gentles, 171 AD3d 471, 472 [2019]).

Although defendant has completed his sentence, we remand for a new trial in view of the serious nature of the charges (see People v Exhale, 18 NY3d 690, 696 [2012]).

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Decision Date: March 28, 2025